LYNCH FORD, INC., an Illinois corporation, Plaintiff,

v.

FORD MOTOR COMPANY, INC., et al., Defendants.

No. 96 C 3793.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 19, 1996.

Joseph R. Marconi, Michael James Lynch, David M. Macksey, Johnson & Bell, Ltd., Chicago, Illinois, for plaintiff.

Michael Rowe Feagley, George James Tzanetopoulos, David Elliot Metz, Mayer, Brown & Platt, Chicago, Illinois, for Ford Motor Co.

Melvin I. Mishkin, Alan S. Madans, Robin Korman Powers, Rothschild, Barry & Myers, P.C., Chicago, IL, for Prestige Ford Sales & Service, Inc.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Plaintiff Lynch Ford Inc.'s motion pursuant to 28 U.S.C. § 1447(c) to remand this matter to the Circuit Court of Cook County and for attorney's fees and costs. For the reasons set forth below, the motion is denied.

### I. BACKGROUND

Plaintiff, Lynch Ford, Inc. (Lynch), is an Illinois corporation with its principal place of business in Illinois. Lynch is a franchise dealership of Defendant Ford Motor Company, Inc. (Ford). Lynch sells and services Ford vehicles.

Ford is a Delaware corporation with its principal place of business in Michigan.

Defendant, Prestige Ford Sales and Services, Inc. (Prestige), is a Delaware corporation with its principal place of business in Illinois. Prestige is a subsidiary of Ford—Ford owns 100% of Prestige's stock. Prestige operates a franchise dealership in direct competition with and just south of Lynch's dealership.

Defendant, Landmark of Niles, Inc. (Landmark), is a Delaware corporation with its principal place of business in Illinois. Ford partially owns Landmark—it is one of three shareholders in Landmark. Landmark operates a franchise dealership in direct competition with and just north of Lynch's dealership.

Lynch initiated this action following Ford's decision to terminate Lynch's dealership. As a result of that decision, Lynch filed a six-count complaint premised entirely on Illinois law against Ford, Prestige, and Landmark, alleging: (1) a violation of the Illinois Motor Vehicle Franchise Act; (2) a conspiracy to violate the Illinois Motor Vehicle Franchise Act; (3) unfair competition; (4) deceptive trade practices; (5) a violation of the Illinois Anti-Trust Act; and (6) a violation of the Illinois Consumer Fraud Act.

Lynch filed this action in the Circuit Court of Cook County. Ford removed the action pursuant to 28 U.S.C. § 1441(a) and § 1446 to this Court—the United States District Court for the Northern District of Illinois. Although Lynch, Prestige, and Landmark all share the same state of citizenship, Ford claimed that Lynch fraudulently joined Prestige and Landmark as defendants to intentionally destroy complete diversity of citizenship and thus prevent this Court from exercising jurisdiction over this matter under 28 U.S.C. § 1332(a)(1)—there is no dispute that the amount in controversy exceeds $50,000.

## II. DISCUSSION

■ This matter is now before the Court on Lynch's motion pursuant to 28 U.S.C.

§ 1447(c) to remand the case to the Circuit Court of Cook County. Lynch also seeks attorney's fees and costs for Ford's alleged improper removal of the action to this Court. As discussed below, the Court agrees with Ford that Prestige and Landmark were fraudulently joined as defendants in an attempt by Lynch to destroy complete diversity of citizenship and thus deprive this court of subject matter jurisdiction.

It is true that "[f]or a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete' meaning that no plaintiff may be a citizen of the same state as any defendant." *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1314–15 (7th Cir.1994). As discussed, Plaintiff Lynch and Defendants Prestige and Landmark are all citizens of the state of Illinois. Thus, at first glance, it appears that this Court lacks diversity jurisdiction to hear this matter.

■ It is well-established, however, that "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Id.* at 1315. Fraudulent joinder occurs when, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." [1] *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Thus, the issue is whether Lynch's complaint states a cause of action against either Prestige or Landmark.

It does not.

Paragraphs 5 and 6 of the complaint identify Prestige and Landmark, respectively, as Delaware corporations with their principal places of business in Illinois. The paragraphs note that Ford has an ownership interest in each and both Prestige and Landmark directly compete in close proximity with Lynch. Paragraph 7 notes that Lynch's primary market area is practically surrounded by Prestige and Landmark's primary market areas. Next, ¶ 14(1)(a) alleges that Lynch's primary market area was unfairly

---

[1]. Fraudulent joinder also occurs "where there has been outright fraud in plaintiffs pleading of jurisdictional facts." *Hoosier Energy*, 34 F.3d at

1315. Ford, however, does not rely on that aspect of the fraudulent joinder doctrine.

drawn by Ford to include areas that should have been included as part of Prestige and Landmark's primary market areas, resulting in Ford issuing an unfair vehicle sales responsibility to Lynch. Finally, ¶ 16 alleges that Ford is attempting to eliminate Lynch's dealership because Lynch is the primary competitor of Ford-owned Prestige and Landmark.

Believe it or not, that's about all the complaint alleges with respect to Prestige and Landmark. In short, the Court fails to envision how any of those allegations qualify as "wrong-doing" as to any of the six pleaded causes of action on the part of either Prestige or Landmark. Simply stated, the complaint alleges no wrongful conduct on the part of Prestige or Landmark.

Granted, the complaint also alleges that Ford, Prestige, and Landmark conspired to violate Lynch's rights. But, there are no factual allegations in the complaint which could support a conspiracy theory. It appears that Lynch would like the Court to infer that because Ford has ownership interests in Lynch's competitors, both Prestige and Landmark—independent entities—must have been conspiring with Ford to drive Lynch out of business. The Court cannot accept such an inference. Indeed, Lynch must plead factual assertions linking Prestige and Landmark to Ford's alleged wrongful conduct. *See Leahy v. Board of Trustees,* 912 F.2d 917, 922 (7th Cir.1990) ("His allegation of a conspiracy between the Union and City Colleges constitutes a bare legal conclusion, unsupported by any factual basis."); *Mid–America Regional Bargaining Ass'n v. Will County Carpenters Dist. Council,* 675 F.2d 881, 886 n. 13 (7th Cir.1982) ("The balance of the complaint simply infers a conspiracy from the existence of that agreement and alleges that it was entered into pursuant to 'a conspiracy.' This is insufficient, however. Mere conclusory allegations unsupported

by any factual assertions will not withstand a motion to dismiss.").

Apparently realizing the inadequacy of its complaint, Lynch, in its motion to remand, alleges additional facts in support of its conspiracy theory. Those factual allegations will be ignored, however. Indeed, the Court's inquiry is limited to the factual assertions of Lynch's complaint. *Poulos,* 959 F.2d at 74; *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992) ("In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed."); *Security Center, Inc. v. AT & T Co.,* No. 94 C 6707, 1995 WL 307267 (N.D.Ill. May 16, 1995) ("The court's inquiry is limited to the allegations of plaintiff's present complaint."). Considering Lynch's additional allegations— which are nowhere to be found in the complaint—would conflict with the "legal maxim that jurisdiction depends on the situation at the time of removal, [citations omitted], and that once a case is successfully removed a plaintiff cannot do anything to defeat federal jurisdiction and force a remand." *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 367 (7th Cir.1993).[2]

### III. CONCLUSION

The complaint fails to state a cause of action against either Prestige or Landmark. Thus, the Court must conclude that both Prestige and Landmark were fraudulently joined as defendants in this matter in an attempt to defeat the diversity jurisdiction of this Court. But for the joinder of Prestige and Landmark, complete diversity of citizenship exists between Lynch—a citizen of Illinois—and Ford—a citizen of Delaware and Michigan. Accordingly, the Court acknowledges jurisdiction over this matter pursuant to the diversity of citizenship statute, 28 U.S.C. § 1332(a)(1).

---

2. Lynch, in one last desperate attempt to get this case back to the state court system, argues that because Ford answered counts one and two, Ford is estopped from arguing that the complaint fails to state a claim against either Prestige or Landmark. The Court cannot adopt, nor does it understand, such reasoning. Lynch fails to cite any law which supports its argument. Ford answered on its behalf, not on the behalf of Prestige or Landmark. Why does such conduct prevent Ford from arguing that the complaint fails to state causes of action against Prestige or Landmark?

Lynch's motion for remand and request for attorney's fees and costs are denied.