**Russell BAUM, et al.**

v.

**NGK METALS CORP., et al.**

**No. CIV. A. 00–5595.**

United States District Court,
E.D. Pennsylvania.

June 12, 2001.

John N. Zervanos, Jeffrey P. Fritz, Soloff & Zervanos, Phila, Alicia D. Butler, Baron & Budd, PC, Jessica T. Hudgins, Ann Saucer, Steven B. Jensen, Baron & Budd, P.C., Dallas, TX, for Russell Baum, Delores Baum, H/W, John Bitler, Barbara Bitler, H/W, Dennis Good, Each of Whom is Named Individually and on Behalf of Those Similarly Situated, Plaintiffs.

Thomas C. De Lorenzo, Marshall, Dennehey, Warner, Coleman and Goggin, Ronda K. O'Donnell, Marshall Dennehey Warner Coleman & Goggin, Phila, Neil S. Witkes, Manko, Gold & Katcher, John F. Gullace, Manko, Gold and Katcher, Bala Cynwyd, Morton F. Daller, Daller Greenberg & Dietrich, Marie H. Kramer, Daller, Greenberg & Dietrich, Fort Washington, for NGK Metals Corporation, Cabot Corporation, Brush Wellman Inc., Carl Harris, Lynn Woodside, Len Velke, Norm Pinto, Defendants.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are Plaintiffs' Motion to Remand (Docket No. 8), Defendant's Opposition to Plaintiffs' Motion for Remand (Docket No. 16) and Reply Brief in Support of Plaintiffs' Motion to Remand (Docket No. 20). For the reasons stated below, the Motion to Remand is GRANTED.

### I. BACKGROUND

On November 3, 2000 Defendant Brush Wellman, Inc. filed a notice of removal from the Philadelphia County Court of Common Pleas. The notice of removal was filed pursuant to 28 U.S.C. §§ 1441(a)[1] and 1446.[2] Defendant's notice

---

1. 28 U.S.C. § 1441(a) states "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

2. 28 U.S.C. § 1446 states "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

of removal asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.[3] On December 8, 2000, Plaintiffs filed the instant Motion to Remand.

Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant NGK Metals Corporation is a Delaware Corporation with its principal place of business in Ohio. Cabot Corporation was a Delaware Corporation. Defendant Brush Wellman, Inc. is an Ohio corporation. Defendants Carl Harris, Lynn Woodside, Len Veke and Norm Pinto are all residents of the Commonwealth of Pennsylvania.

At first blush, this Court does not have original jurisdiction because Plaintiffs and several Defendants are residents of the Commonwealth of Pennsylvania. *See* 28 U.S.C. § 1332(a). Defendant Brush Wellman ("Defendant"), however, argues that Plaintiffs' Motion for Remand should be denied because non-diverse Defendants were fraudulently joined.

## II. DISCUSSION

### A. Remand Standard

If a non-diverse party has been joined as a party, then in the absence of a federal question, "the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992). The removing party carries a "heavy burden of persuasion" in making this showing. *Id.; Steel Valley Author v. Union Switch & Signal Div.,* 809 F.2d 1006, 1012 n. 6 (3d

Cir.1987). "It is logical that it should have this burden, for removal statues 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " *Batoff,* 977 F.2d at 851.

Joinder is fraudulent " 'where there is no reasonable basis in fact or colorable ground supporting the claim against . . . [defendants], or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.' " *Batoff,* 977 F.2d at 851. But, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the . . . defendants, the federal court must find that joinder was proper and remand the case to state court ." ' *Batoff,* 977 F.2d at 851. Additionally, "where there are colorable claims or defenses asserted against or by diverse and nondiverse defendants alike, the court may not find that the nondiverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Batoff,* 977 F.2d at 851.

In evaluating the claims against the defendants, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed." *Batoff,* 977 F.2d at 851. The " 'court must assume as true all factual allegations of the complaint.' " *Id.* at 977–78. It should also be noted that "the threshold to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(1) [dismissal for lack of jurisdiction],

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title

more than 1 year after commencement of the action.

3. 28 U.S.C. § 1332 states "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

is thus lower than that required to withstand a Rule 12(b)(6) motion." *Batoff*, 977 F.2d at 852.

## B. *Plaintiffs State a Colorable Claim*

Defendant asserts in its Notice of Removal that the citizenship of Pennsylvania Defendants should be disregarded for purposes of determining jurisdiction because they have been fraudulently joined. *See* Notice of Removal, at 6. Defendant asserts that Plaintiffs have not adequately alleged a claim against the individual Defendants to avoid the immunity provided to co-employees by the Workman's Compensation Act (the "WCA"). *See id.* The WCA provides that

> [i]f disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

*See* 77 P.S. § 72.

■ Under Pennsylvania law, a worker who is injured in the course of employment can hold a co-employee liable for injuries resulting from intentional acts. *See* 77 P.S. § 72; *Batoff*, 977 F.2d at 852. A plaintiff has a cause of action under the WCA, where the "intentional wrong is not normally expected to be present in the workplace." *See Snyder v. Specialty Glass Products, Inc.*, 441 Pa.Super. 613, 629, 658 A.2d 366 (1995).

■ In Count One of Plaintiffs' Complaint, Plaintiffs allege intentional misrepresentation/fraud by all Defendants. *See* Compl. ¶¶ 38–40. To state a claim for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as the proximate cause. *See Woodward v. Dietrich*, 378 Pa.Super. 111, 548 A.2d 301 (1988).

■ Plaintiffs' Complaint alleges that Defendants breached their duties to Plaintiffs by tortiously, recklessly, intentionally and/or knowingly making representations which were material to Plaintiffs' understanding of their health and occupational health risks and with the intent of misleading Plaintiffs to into relying upon such misrepresentations. *See* Compl. ¶ 31. The Complaint further alleges that Plaintiffs justifiably relied upon Defendants misrepresentation. This resulted in Plaintiffs increased exposure to dangerous levels of beryllium, increased harm and additional injuries, all of which were proximately and legally caused by Plaintiffs' reliance and Defendants' conduct. *See id.* ¶ 32. Plaintiffs' Complaint also listed acts of fraud allegedly committed by Defendants. *See id.* ¶ 33.

Viewing the factual allegations in Plaintiffs' Complaint as true, this Court finds that Plaintiffs have stated a colorable claim against the Defendants.

It is not the province of this Court to engage in a deeper analysis of the documents or facts so that this Court would essentially be conducting a 12(b)(6) analysis. *See Batoff*, 977 F.2d at 852. Instead, this Court must examine the complaint and the facts of this matter and determine whether they could support a conclusion that the claims against the defendants were not even colorable, i.e., were wholly insubstantial and frivolous. *See id.* As discussed above, this Court finds that Plaintiffs' claims are not wholly insubstantial and frivolous because the facts support a colorable claim for misrepresentation. Therefore, the Court concludes that De-

fendants have failed to overcome their heavy burden of persuasion that Plaintiffs' joinder was fraudulent.

### C. *Absence of Diversity Jurisdiction*

Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court and a state court case that implicates diversity jurisdiction may therefore be removed to federal court. *Abels,* 770 F.2d at 29. Diversity jurisdiction is properly invoked in cases where there is complete diversity of citizenship between plaintiffs and defendants and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 158 (3d Cir.1995) ("It is axiomatic that the federal judiciary's diversity jurisdiction depends on complete diversity between all plaintiffs and all defendants.") (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

The district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Because the Court has concluded that Plaintiffs have stated a colorable claim against the resident Defendants, complete diversity does not exist in this case. Consequently, this Court grants Plaintiffs' motion to remand this case to the Court of Common Pleas of Philadelphia County.

An appropriate Order follows.

### *ORDER*

AND NOW, this 11th day of June, 2001, upon consideration of Plaintiffs' Motion to Remand (Docket No. 8), Defendant's Opposition to Plaintiffs' Motion for Remand (Docket No. 16) and Reply Brief in Support of Plaintiffs' Motion to Remand (Docket No. 20), IT IS HEREBY ORDERED that said Motion is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court is Ordered to Remand the above captioned matter to the Court of Common Pleas of Philadelphia County pursuant to 28 Title, United States Code § 1447(d).

IT IS FURTHER ORDERED Defendant's Motion to Dismiss (Docket No. 12) is **DENIED as moot.**

IT IS FURTHER ORDERED Defendant's Motion for a More Definite Statement (Docket No. 11) is **DENIED as moot.**