OPINION
PER CURIAM.
Rahim Caldwell, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm.
In December 2008, Caldwell filed a complaint pursuant to 42 U.S.C. § 1983 against the Egg Harbor Police Department. His one-sentence complaint alleged that “the defendant ] violated his constitutional rights by falsely arresting plaintiff for asking for a lawyer, and other rights, false charges, bail, jail time, and making false identification of plaintiff with multiple photos and eating in front of plaintiff while laughing, and taunting plaintiff by waving food at plaintiff while laughing at plaintiff.” The District Court concluded that the Egg Harbor Police Department was not a “person” subject to liability under § 1983, dismissed the complaint without prejudice, and permitted Caldwell to cure the defect within 30 days. Caldwell did not file an amended complaint, however. Instead, he filed a notice of appeal.
We have jurisdiction under 28 U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n. 5 (3d Cir.1992); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass’n, 503 F.3d 217, 223 (3d Cir.2007); Fed.R.Civ.P. 58. We exercise plenary review over the District Court’s sua sponte dismissal of the complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.1999). When reviewing a complaint dismissed under § 1915(e)(2)(B), we apply the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). See id. In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), we are required to “accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.” Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir.2002)); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
“[A] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.” Monell v. Dep’t of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Indeed, it is well-settled that, under § 1983, municipal liability arises only when a constitutional deprivation re- *252 suits from an official custom or policy. Id. at 690-91, 98 S.Ct. 2018. Because Caldwell failed to identify any such customs or policies at the Egg Harbor Police Department, the District Court properly dismissed his complaint. Cf. Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 (3d Cir.1997) (holding that, for purposes of § 1983 claims, municipalities and police departments are treated as single entity); see also N.J. Stat. Ann. § 40A:14-118 (recognizing that police departments are created as executive and enforcement branches of government, whether as divisions, departments, or agencies of municipalities).
Caldwell argues that the District Court improperly dismissed his case “before [the] defendant ] [was] served and before plaintiff could file any motions.” Pursuant to § 1915(e)(2)(B), courts must sua sponte dismiss in forma pauperis actions that are frivolous or fail to state a claim. But before dismissing such an action for failure to state a claim, the District Court must grant leave to file an amended complaint, or explain why amendment would be futile. See Phillips, 515 F.3d at 245-46. In this case, the District Court notified Caldwell of the deficiencies in his complaint and provided him with an opportunity to file an amended complaint. He failed to take advantage of that opportunity, however, and he has offered no justification for his failure to do so. Cf. In re Westinghouse See. Litig., 90 F.3d 696, 703-04 (3d Cir.1996) (holding that district court did not abuse its discretion when it dismissed complaint with prejudice following plaintiffs decision not to amend). Therefore, we conclude that the District Court did not err.
For the reasons given, we will affirm the judgment of the District Court.