Stephen B. BATOFF, Ph.D., Appellant,

v.

STATE FARM INSURANCE COMPANY, Leonard M. Paul, Ed.D.

No. 92–1275.

United States Court of Appeals, Third Circuit.

Argued Oct. 6, 1992.

Decided Oct. 23, 1992.

David S. Dessen (argued), Dessen, Moses & Sheinoff, Philadelphia, Pa., for appellant.

Brian A. Wall, Jr., Joseph M. Hankins (argued), Britt, Hankins, Schaible & Moughan, Philadelphia, Pa., for State Farm Ins. Co.

Edwin L. Scherlis, Margolis, Edelstein, Scherlis, & Kraemer, Philadelphia, Pa., for Leonard M. Paul, Ph.D.

Before: GREENBERG, COWEN, and WEIS, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Stephen B. Batoff appeals from two orders in this action which he initiated in state court but which was removed to the district court. The first order, entered on January 15, 1992, dismissed the non-diverse defendant, appellee Leonard M. Paul, and denied Batoff's motion to remand the case to the state court for lack of complete diversity. The second order, entered on March 23, 1992, granted the motion of the remaining defendant, appellee State Farm Insurance Company, to dismiss under Fed. R.Civ.P. 12(b)(6). We find that the district court should not have dismissed Paul as a defendant and that it thus lacked subject matter jurisdiction. Accordingly, we will reverse the order of January 15, 1992, vacate the order of March 23, 1992, and remand the case to the district court with instructions in turn to remand the case to the state court in which it was originated.

## I.

## BACKGROUND

Batoff, a Pennsylvania citizen, is a licensed psychologist who treats individuals injured in motor vehicle accidents. A number of Batoff's patients are insured under automobile insurance policies with medical payment provisions issued by State Farm and have assigned to him their rights under their policies to be reimbursed for medical expenses. While Batoff has submitted his bills to State Farm under these provisions, State Farm has refused to pay some of them. State Farm, at least in part, has based its refusal on reports written by Paul, a psychologist in private practice, who is retained by State Farm to address questions relating to the appropriateness, necessity, and cost of psychological services rendered to State Farm insureds.

This refusal led Batoff to file a suit in the Court of Common Pleas of Philadelphia County, Pennsylvania, against State Farm, a citizen of Illinois, and against Paul, a citizen of Pennsylvania. In Count I of the complaint, Batoff contends that State Farm owes him $107,744 as assignee of his patients' rights to payment for medical expenses, and in this count he seeks compensation, costs, attorneys' fees, and punitive damages from State Farm. In Count II, Batoff seeks compensatory and punitive

damages, costs, and attorneys' fees from State Farm and Paul for their alleged civil conspiracy to (1) deprive him of money due, (2) disparage and ruin his reputation, and (3) cause others to refrain from referring patients to him.[1]

In Count III, Batoff alleges that State Farm breached its duty of fair dealing owed to him and its insureds, by (1) arbitrarily determining in advance not to pay his bills, (2) "employing as an expert Dr. Paul who is not competent, fair or unbiased," (3) "directing Dr. Paul to prepare" the misleading reports, and (4) distributing the reports to third persons with the intent to damage Batoff's reputation and injure his business. In this count, in which he seeks damages only from Paul, Batoff alleges:

> Dr. Paul, by producing reports he knew to be inaccurate find that he knew State Farm would use to justify its refusal to pay Dr. Batoff's bills and distribute to third persons with the intent to damage Dr. Batoff's reputation and injure his business breached the duty he owed to Dr. Batoff. [sic]

App. at 36.

On October 5, 1990, State Farm filed a notice removing the case to the United States District Court for the Eastern District of Pennsylvania. State Farm alleged in the notice that Paul is immune from suit and was joined by Batoff to defeat the diversity jurisdiction which the district court otherwise could exercise under 28 U.S.C. § 1332(a)(1).[2] On October 15, 1990, State Farm filed a motion in the district court to dismiss the complaint under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. In response, on October 23, 1990, Batoff filed a petition to remand the case to the Court of Common Pleas pursuant to 28 U.S.C. § 1447(c),[3] asserting that diversity is not complete because he and Paul are citizens of Pennsylvania.

On January 15, 1992, the district court entered an order denying Batoff's petition. While in its accompanying memorandum the court indicated that State Farm had urged that Paul is immune from Batoff's suit and was joined fraudulently, the court stated that it would deny "the motion to remand but not for the reasons advanced by the defendants."

The court then evaluated the merits of Batoff's claims against Paul. Citing cases from the courts of appeals for the Third and Sixth Circuits and from the district court for the Eastern District of Pennsylvania, the court determined that a corporation cannot conspire with its employee. It said that because the complaint alleged Paul was an employee of State Farm acting under its direction, Paul could not have been a co-conspirator "nor otherwise be legally responsible" to Batoff. It further held that to the extent that the complaint alleged that Paul was an independent expert, retained to provide information and advice to State Farm, he was "immune from suit, *Moses v. McWilliams*, [379 Pa.Super. 150] 549 A.2d 950, 956–7 (Pa.Super.1988)." Ultimately, the court held, "[Because] I conclude that the complaint fails to state a valid claim against Dr. Paul, he will be dismissed as a defendant." Therefore, the court would not remand as "there is diversity between plaintiff and State Farm."[4]

---

1. Batoff avers that, in furtherance of the conspiracy, Paul prepared false, malicious, and misleading reports concerning Batoff's treatment of his patients and may have filed false complaints with the Pennsylvania Board of Psychology Examiners.

2. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interests and costs, and is between—(1) citizens of different states."

3. Section 1447(c) provides in pertinent part:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 6(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

4. The district court held that under *Brownsville Golden Age Nursing Home, Inc. v. Wells*, 839 F.2d 155 (3d Cir.1988), Paul could not be liable for bringing Batoff to the attention of the Pennsylvania Board of Psychology Examiners. Inasmuch as we find that Batoff asserted other

The court, in a memorandum and order entered on March 23, 1992, subsequently granted State Farm's motion to dismiss the action against it under Rule 12(b)(6). However, in view of our conclusion that the district court lacked subject matter jurisdiction, we will not describe the basis for the second order or consider it on the merits. Batoff has appealed, and we have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review.[5]

## II.

## DISCUSSION

We center our discussion on an examination of the district court's decision to dismiss Paul as a defendant for, in view of the common Pennsylvania citizenship of Batoff and Paul, there could be no basis for federal jurisdiction in this diversity case if Paul properly were made a defendant. Thus, if Paul should not have been dismissed as a defendant, this case should have been remanded to the court of common pleas.

A district court must consider a number of settled precepts in ruling on a petition to remand a case to state court for lack of diversity jurisdiction. When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a "heavy burden of persuasion" in making this showing. *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756

(1988); *see also Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). It is logical that it should have this burden, for removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley*, 809 F.2d at 1010 (citing *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir.1985)).

Joinder is fraudulent " 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.' " *Boyer*, 913 F.2d at 111 (quoting *Abels*, 770 F.2d at 32). But, " '[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' " *Boyer*, 913 F.2d at 111 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983)). Furthermore, we recently have held that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." *Boyer*, 913 F.2d at 113 (citing *Chesapeake & O. Ry. Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914)).

In evaluating the alleged fraud, the district court must "focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district

claims which required the case to be remanded, we need not consider this conclusion.

**5.** The order raises an issue of appellate jurisdiction which we must address, as it disposed of the case on the merits but provided that Batoff "shall have thirty days to amend" certain of his allegations. Batoff did not amend his complaint but instead filed a notice of appeal within 30 days of the order. While we have held that an order dismissing a complaint without prejudice is not a final, appealable order unless the plaintiff cannot amend or declares his intention to stand on his complaint, *see Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir.1976), we

find that, by failing to move to amend within the 30 days granted by the court, Batoff elected to stand on his complaint. Thus, even if the order of dismissal was not final when entered, it became final after 30 days. We therefore may exercise jurisdiction pursuant to 28 U.S.C. § 1291 under the principle in *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 184–85 (3d Cir. 1983), that this court may decide a premature appeal from a nonfinal order if an order which *is* final is entered before our adjudication on the merits. *See Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 278–79 (3d Cir.1992); *Welch v. Folsom*, 925 F.2d 666, 668 (3d Cir.1991).

court must assume as true all factual allegations of the complaint." *Steel Valley*, 809 F.2d at 1010 (citation omitted). It also must "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111.

■ As we have stated already, the court concluded that it could dismiss Paul from the action simply because Batoff's complaint "fails to state a valid claim" against him. Thus, while the court did not characterize its analysis as being the same as it would make on a ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), that is exactly what it was. But the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted. Accordingly, the district court erred in converting its jurisdictional inquiry into a motion to dismiss.

Our opinion in *Lunderstadt v. Colafella*, 885 F.2d 66 (3d Cir.1989), though involving a converse situation, is instructional. In *Lunderstadt*, we made a jurisdictional inquiry into whether claims filed in the district court were so substantial under federal law that they would justify the district court in exercising federal question jurisdiction. We held they were, as they were not "wholly insubstantial and frivolous." *Id.* at 70 (citing *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776–77, 90 L.Ed. 939 (1946)). In our opinion we pointed out that "the threshold to withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(1) [dismissal for lack of jurisdiction], is thus lower than that required to withstand a Rule 12(b)(6) motion." 885 F.2d at 70. Thus, in *Lunderstadt* our conclusion that a claim was not "wholly insubstantial and frivolous" established the federal jurisdiction because issues remained with the court which legitimately could be reached on the merits. Here, a finding that Batoff's

claims are not insubstantial and frivolous has exactly the opposite consequence because it precludes consideration of the claims on the merits as the parties are not completely diverse. But *Lunderstadt* nonetheless is helpful in our context because it supplies a standard by which to define whether a claim is legitimate in a jurisdictional analysis, *i.e.*, whether a claim is "wholly insubstantial and frivolous."

■ Accordingly, while we will not apply a Rule 12(b)(6) standard in examining Batoff's action against Paul, we will examine the complaint and the district court's opinion to determine whether they could support a conclusion that the claims against Paul were not even colorable, *i.e.*, were wholly insubstantial and frivolous. The district court, citing *Denenberg v. American Family Corp.*, 566 F.Supp. 1242, 1253 (E.D.Pa.1983), first found that the complaint alleged that Paul was "employed by" State Farm and that he could not as an employee conspire with his employer under Pennsylvania law. However, accepting Batoff's allegations on their face, we find that there is a dispute as to whether Paul acted as an employee of State Farm, or whether he acted "solely to injure" Batoff. *Id.* at 1253. The complaint appears to allege the latter. This distinction is significant because even if Paul is an "employee" as comprehended by Pennsylvania case law, he may conspire with State Farm if he acted solely to cause Batoff harm and not in any legitimate business interest. *Id.; Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 211, 412 A.2d 466, 472 (1979) (stating that attorney acted in legitimate interests of client and thus could not have conspired with him). We also point out that in *Boyer* we indicated that under "Pennsylvania law there is a cause of action against employees whose fraud and misrepresentations contributed to plaintiff's damages, even if these actions were taken in the course of their employment." 913 F.2d at 112. Thus, even without regard for the conspiracy allegations, a Pennsylvania court might hold that Batoff's complaint can survive a motion to dismiss. We are therefore presented with a "colorable"

claim, even if it ultimately may not withstand a motion to dismiss in the state court.

 The district court next found that, to the extent that Paul may be considered an independent expert, under the holding in *Moses v. McWilliams*, 379 Pa.Super. 150, 161–65, 549 A.2d 950, 956–57 (1988), he is immune from liability to Batoff. *Moses* held that a physician was immune from an action for breach of physician/patient confidentiality based on his judicially unsupervised communications with his patient's adversary in preparation for his patient's action against a hospital unrelated to the physician. While the district court may have been correct in its understanding of Pennsylvania law, *Moses* nevertheless is not so clearly controlling when measured against the allegations here that its very existence renders Batoff's claims against Paul wholly insubstantial and frivolous. Batoff did not limit his allegation that Paul's reports were used to reject claims to matters in which litigation was pending or even contemplated. Rather, he simply alleged that he had not been paid for the services because of Paul's reports. Therefore, on the basis of Batoff's complaint, Paul is not in the same position as the physician in *Moses*, and thus it is not clear that on a motion to dismiss a Pennsylvania court would even consider the question of whether Paul's reports were prepared in anticipation of litigation.

State Farm introduced the concept that Paul was acting in a litigation capacity in its notice of removal, in which it asserted that Paul's only involvement with State Farm "has been in his capacity as an independent expert witness who was retained by State Farm in connection with pending state court litigation between [Batoff] and State Farm." Even if we allow a limited piercing of the complaint to consider this allegation, *see Boyer*, 913 F.2d at 112, we still are unable to conclude that the claim is not colorable, for State Farm contradicts its position as stated in the removal petition. Thus, in its brief, it contends that the "reports were prepared in anticipation of litigation" to form a basis for Paul's testimony. Anticipated litigation is not pending litigation. We are not certain that Penn-

sylvania would extend a *Moses*-type immunity to a report prepared before there is even litigation; we therefore cannot characterize Batoff's action as wholly insubstantial and frivolous. In any event, Batoff does not seem to concede that all of Paul's reports were necessarily related to litigation.

We also point out that *Moses* was predicated on the patient's waiver of the confidentiality privilege by instituting her action. A Pennsylvania court might conclude that that consideration is not applicable here because we cannot be certain that Batoff's patients and Paul had a relationship creating a privilege. Thus, a state court might determine that Batoff's patients had no reason to believe that by assigning their claims to Batoff, or even by bringing the claims themselves, they should have anticipated that the claims might be subject to a biased evaluation by Paul.

 It is evident from our inquiry that we cannot say that Batoff's complaint is wholly insubstantial and frivolous. Thus, the motion to remand should have been granted. We, of course, do not suggest that our inquiry into Pennsylvania law has been penetrating, but it should not be, for if we made such an inquiry we would have decided this diversity case on the merits, even though the parties are not diverse. A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction. We draw further support for our result from *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), in which the Supreme Court held that a complaint which fails to state a claim sufficient to withstand a Rule 12(b)(6) motion is not automatically frivolous within 28 U.S.C. § 1915(d), so as to be subject to dismissal when brought *in forma pauperis*. State law claims, though ultimately determined not to state a claim upon which relief may be granted, may be regarded as equally substantial so that they may not be disregarded in a diversity determination. Overall, we are satisfied that this is not a case in which we can say with any confidence that Batoff's claims against Paul are

"so defective that they should never have been brought at the outset." *Neitzke,* 490 U.S. at 328, 109 S.Ct. at 1833.

Finally, we emphasize that we "do not purport to express an opinion on the merits of [the] claims asserted against [Paul], nor do we even suggest that a [Pennsylvania] court must find as a matter of law that valid claims have been stated." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 555 (5th Cir.1981). Indeed, we emphasize our recognition that the Pennsylvania courts on remand may agree with the legal determination of the district court in this case. If they do, that will not demonstrate that we have erred, as we only hold that the district court did not have jurisdiction to render a decision on the merits of this case. Furthermore, we certainly are not to be understood as in any way endorsing Batoff's factual claims, for we are only ruling on the basis of allegations.

### III.

### CONCLUSION

In view of the aforesaid, we will reverse the order of January 15, 1992, will vacate the order of March 23, 1992, and will remand the case to the district court so that it may in turn be remanded to the court of common pleas. Costs will be taxed in favor of Batoff.