Lennox LEWIS, et als., Plaintiffs,

v.

**WORLD BOXING COUNCIL and World Boxing Council, Inc., Defendants.**

Civil Action No. 95–5920 (JCL).

United States District Court,
D. New Jersey.

Feb. 15, 1996.

Patrick Charles English, Dines & English, Clifton, NJ, for Plaintiffs.

John F. Brenner, McCarter & English, Newark, NJ, for Defendants.

## OPINION

LIFLAND, District Judge.

Presently before the Court are two motions bearing on the propriety of the Court's consideration of the merits of this case. The first is plaintiffs' motion to remand the action to state court for lack of diversity jurisdiction. The other is defendant's motion to dismiss, arguing that the action is barred by the doctrines of comity and judicial estoppel.

Plaintiffs are Lennox Lewis, a citizen of England and a professional boxer, and his promoters: Panix Productions, a British corporation with its principal place of business in England, and New Jersey Sports Productions, Inc. d/b/a Main Events, a New Jersey corporation with its principal place of business in New Jersey. The Amended Complaint names the World Boxing Council (the "WBC") as the defendant or defendants, as explained below. The WBC sponsors worldwide boxing competitions and names "WBC Champions" and "WBC World Champions."

The original complaint in this action was filed in New Jersey state court naming the WBC, a nonprofit corporation, as the sole defendant. Plaintiffs amended the complaint on November 17, 1995, adding as a defendant the WBC as an unincorporated association. The true organizational status of the WBC is in dispute. Without knowledge of the filing of the amended complaint, defendant removed the action to this Court on the basis of the pleadings in the original complaint, which established diversity jurisdiction.

Shortly before the New Jersey filing, the British High Court of Justice (Chancery Division) had dismissed a related action by Lewis and others against the WBC and Franklin Roy Bruno, ruling in the alternative that it did not have personal jurisdiction over the WBC and/or that, under the rules of the WBC, the parties were required to mediate the dispute in Dallas, Texas.

In summary, the Amended Complaint alleges that the World Boxing Council, at its convention held in Seville, Spain in late October and early November 1994, promised that Lennox Lewis would have the first opportunity to fight Oliver McCall for the WBC-declared heavyweight championship, so long as Lewis prevailed at an elimination bout between himself and the then-highest available contender. The complaint further alleges that Lewis was assured that his right to the first title bout would not be compromised even if Mike Tyson were released from prison and attained "number 1 contender" status. Plaintiffs further allege that Lewis did win the elimination bout, and that Mike Tyson

was released from prison and did become the number 1 contender.

Plaintiffs claim that in violation of its promises and rules, the WBC sanctioned the first title bout between McCall and Tyson, with Lewis slated to challenge the winner of that fight. Counsel for plaintiffs has represented that this fight is currently scheduled for the 16th of March, 1996. In their complaint, plaintiffs further allege that they relied to their detriment on the WBC's promise by promoting and participating in the elimination bout between Lewis and Lionel Butler. The complaint seeks declaratory relief that Lewis is entitled to the next WBC Heavyweight Title Bout, injunctive relief preventing the WBC or its agents from sanctioning or furthering a Title Bout in which Lewis is not a participant, specific performance, damages, and punitive damages.

*Discussion*

Plaintiffs argue that the Court should remand the case to state court, where plaintiffs originally filed it, because the WBC is a non-diverse defendant. In particular, plaintiffs argue that although the WBC incorporated in 1991, it has failed to observe corporate formalities, and thus the WBC as an unincorporated association continues to exist despite the formation of a WBC corporate shell. This unincorporated association, plaintiffs argue, has members in New Jersey and in England and therefore is not "diverse" for purposes of jurisdiction. *See United Steelworkers of America, AFL–CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Lovell Mfg. v. Export–Import Bank of the United States*, 843 F.2d 725, 729, n. 5 (3d Cir.1988) (diversity between plaintiffs and defendants must be complete).

▌ Congress has determined that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question, the removing defendant may avoid remand "only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). The burden of proving that federal jurisdiction exists rests with the defendant, the party urging jurisdiction upon the Court. *See Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). Furthermore, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer*, 913 F.2d at 111, *citing, Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). The defendant carries a "heavy burden of persuasion" that the non-diverse party was fraudulently joined. *Id., citing, Steel Valley*, 809 F.2d at 1012, n. 6.

▌ In order to prove that plaintiffs' joinder of the WBC as an unincorporated association was fraudulent, defendant must prove that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851; *Boyer*, 913 F.2d at 111. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Batoff*, 977 F.2d at 851, *Boyer*, 913 F.2d at 111.

▌ The Third Circuit has directed that, in evaluating joinder for alleged fraud, a district court must "focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all relevant factual allegations of the complaint." *Batoff*, 977 F.2d at 851–852, *quoting, Steel Valley*, 809 F.2d at 1010 (citations omitted). The Court of Appeals has specifically warned that the standard to be applied is not the standard applicable to a motion to dismiss for failure to state a claim, but rather, is even less searching, amounting to a determination of whether the claims asserted against the non-diverse defendant are "wholly insubstantial and frivolous." *See Batoff*, 977 F.2d at 852.

■ Under this standard, the Court must focus not on the submissions of the parties but rather upon the allegations in the amended complaint in order to determine if remand is appropriate.[1] The amended complaint alleges that:

> [d]efendant World Boxing Council was for most of its existence clearly an unincorporated association. In 1991 incorporation papers were filed in Puerto Rico, but based upon tax and other records obtained by plaintiff the unincorporated association continued to conduct its business and did not convert itself to the corporate form. This certainly appears to be so with respect to financial transactions. Both the unincorporated association and the corporation are joined as defendants, and collectively are hereinafter referred to as "WBC." The WBC has members both in New Jersey and England.

First Amended Complaint, ¶ 3. In support of its burden, defendant has submitted evidence by way of certifications intended to establish that, under Puerto Rico law, the WBC is a valid corporation. Defendant argues that the WBC as an unincorporated association ceased to exist at the time of incorporation. In response, plaintiffs have submitted evidence intended to establish that the WBC has failed to observe corporate formalities required by law. Although defendant argues that under Puerto Rico law, its standing as a corporation is valid, it has admitted that it failed to file annual reports in two of the four years since its incorporation and has not responded to plaintiffs' allegations regarding its tax filings. Based on the limited record before the Court, bearing on the factual basis for plaintiffs' pleadings, the Court cannot find that plaintiffs' allegations regarding defendant's corporate status are "wholly insubstantial and frivolous." Therefore, defendant has not shown that plaintiffs fraudulently joined the World Boxing Council as an unincorporated association.

■ The Court notes that even if full discovery and a probing evaluation of the law

of Puerto Rico revealed that the World Boxing Council exists only as a corporation, "a claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff,* 977 F.2d 848, 853. To the contrary, this Court must construe any doubt as to the status of relevant substantive law in favor of plaintiffs. *Id.* at 852.

■ An unincorporated association is a citizen of every state in which one of its members resides. *See United Steelworkers of America, AFL–CIO v. R.H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Lovell Mfg. v. Export–Import Bank of the United States,* 843 F.2d 725, 729, n. 5 (3d Cir.1988). Defendant does not deny that the WBC has members in New Jersey and England. Diversity must be complete in order for the Court to take jurisdiction under 28 U.S.C. § 1332(a)(1) and (2). Therefore, the Court does not have diversity jurisdiction over this case.

Defendant attempts to avoid this outcome by arguing that the Court may drop the WBC, as an unincorporated association, as a nominal and non-essential party to this litigation. Defendant cites *Field v. Volkswagenwerk AG* for the proposition that the Court has authority to drop non-diverse parties who are not essential to a suit in order to preserve and protect diversity jurisdiction. 626 F.2d 293, 296 (3d Cir.1980). On this basis, defendant attempts to distinguish *Boyer* and the remand rules set out there, arguing that while *Boyer* and its progeny may prevent the Court from evaluating the strength of a claim made against a non-diverse defendant under substantive law, it does not prevent the Court from determining whether the non-diverse defendant is a real and substantial party to the controversy.

Defendant has misread *Field.* That case dealt with the ability of the court to continue adjudicating a case after voluntary dismissal of a non-diverse plaintiff. 626 F.2d at 300. In this procedural context, the court fully analyzed whether voluntary dismissal of the

---

1. Although the removal was based on the original complaint, the parties agree that the amended complaint was filed before the matter was removed. Therefore, the amended complaint is the relevant document for the Court's consideration.

non-diverse plaintiff would deprive the court of an indispensable party to the litigation under the rules of joinder. *Id.* at 300–304. The court did not, as defendant's brief states, "affirm[ ] denial of plaintiffs' motion to dismiss [a] nondiverse defendant." Therefore, this Court refuses to read *Field,* which preceded *Batoff* by twelve years, as an alternative to the fraudulent joinder analysis declared in *Batoff* to be the "only" basis on which a defendant can avoid remand for failure of diversity jurisdiction. *See Batoff,* 977 F.2d at 851. Nothing in applicable Third Circuit case law allows this Court to undertake an in-depth joinder analysis regarding the WBC on this preliminary, jurisdictional motion.

Because defendant has failed to demonstrate that the WBC as an unincorporated association was fraudulently joined by plaintiffs, the case will be remanded to the state court where it was originally filed. As the Court will remand this case, defendant's motion to dismiss will be denied as moot.

### ORDER

For the reasons set forth in the accompanying Opinion, **IT IS** on this 15th day of February, 1996 **ORDERED** that plaintiffs' motion to remand is granted; and

**IT IS FURTHER ORDERED** that defendant's motion to dismiss is denied.