**Kevin YOUNG, Appellant**

v.

**Wendy DEMEHICK, MEEF; Judge C. Pierce, MEEF; Jeffrey R. Delp, MEEF; Donald J. Gracia, MEEF; William J. Ciatiania, MEEF; Nikki Holler, MEEF; Lindia Gregory Mias-**

caro, Inc.; CPL Moyer, MEEF; Lt. Biates, MEEF; C/O Hipple, MEEF; C/O Stewart, MEEF; Mr. Rothman, MEEF; Mr. Allenson, MEEF; C/O Stewart, MEEF, Mr. Rothman, MEEF; Mr. Allenson, MEEF; C/O Fran, MEEF, Ciatainia, Warden, C/O Gray Bill, MEEF; Mr. Bucci, MEEF; C/O Davis, MEEF; Major Martin, MEEF; Governor of State; Montgomery Co.; Egleville Bureau; J.A. Frey, MEEF; J.M. Algarin, MEEF; R. Ciarrillo, MEEF; C/O Pentagrass, MEEF Witness; D.J. Molyneaur, MEEF Warden; Sgt. Griffin, MEEF; Major Ohineger, MEEF; Major Martin, MEEF; J P Masearos, Inc. Trash Company; Mr. Tim O'Connor, for Masciaro, Inc.; Pat Mascaro Company, Inc.; Mrs. Ann, for Mascaro, Inc.; Mrs. Patty, for Mascaro, Inc.; Charlie Sheck, for Mascaro, Inc.; Dr. Dheraj Taranath, for Medical Center; C/O Banks, MEEF Witness; C/O Diaz, MEEF Witness; Burger King, Mrs. Eddie (Also) Mr. Noal (Also) Mrs. Torrie Williams; Ryan Inch, Mascaro, Inc.; Shirley Bayle, MEEF; Eillen Steilman, MEEF; Mrs. Augustine, MEEF (Witness Only); Mrs Keely, MEEF (Witness Only); Mr. Gibble, MEEF; Galiardo, Witness Only—Meef; Nancy T. McFarland, MEEF.

No. 09–2976.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Due to Jurisdictional Defect and Possible Dismissal Pursuant to

28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 30, 2009.

Opinion Filed: Jan. 29, 2010.

Kevin Young, Frackville, PA, pro se.

Before: Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Kevin Young, a Pennsylvania state prisoner proceeding *pro se,* appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint. We will affirm.

Young filed a civil rights action in District Court against fifty defendants. The District Court dismissed Young's complaint pursuant to 28 U.S.C. § 1915(e), explaining that the complaint was rambling and unclear and deprived the defendants of sufficient notice to respond to his claims. The District Court afforded Young 30 days to file an amended complaint, stating that he must set forth the specific events or conditions which violated his constitutional rights, the name and place of employment of each person who violated his constitutional rights, the dates on which his constitutional rights were violated, the harm he suffered, if any, from each violation, and the specific relief sought.

Young requested additional time to comply with the District Court's order, and, on May 27, 2009, the District Court granted Young an additional days 30 to file an amended complaint.

Before the District Court entered its order, Young had filed a voluminous number of documents, which he appears to have intended to serve as his amended complaint or as exhibits to an amended complaint. In a memorandum dated June 24, 2009, the District Court noted that Young had submitted over 1,100 pages of material to the Court, which did not comply with the requirements for an amended complaint or with the District Court's previous order. The District Court set forth the pleading requirements of Federal Rule of Civil Procedure 8(a) and informed Young that he should re-submit any documents he had sent to the court if he wished to incorporate them in his amended complaint. The District Court gave Young an additional 30 days to file an amended complaint, noting that the failure to do so might result in the dismissal of his case with prejudice. This appeal followed.[1]

We agree with the District Court that Young's complaint fails to satisfy the pleading requirements of Rule 8(a). Young's complaint advances claims of retaliation and denial of access to the courts against a number of defendants without alleging any supporting facts. He also asserts that other defendants are responsible for giving him an infection, that others provided unsafe work conditions, and that others took money from his prison account. Young has not provided the defendants with fair notice of his claims and/or the grounds upon which they rest. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The District Court did not err in requiring Young to file an amended complaint in order to pursue his claims. In addition, the District Court correctly stated that Young's submission of a multitude of documents in support of his complaint did not comply with its order to file an amended complaint.[2]

1. This appeal raises a question of appellate jurisdiction because the District Court's order was arguably not final for purposes of 28 U.S.C. § 1291. Young, however, elected to stand on his complaint by filing a notice of appeal in lieu of an amended complaint. The time for filing an amended complaint has now passed and we thus have jurisdiction to consider Young's appeal pursuant to § 1291.

*Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 n. 5 (3d Cir.1992).

2. In his response to this Court's notice of possible summary action, Young states that he was transferred from Montgomery County Prison to work release, that he was stuck with a dirty needle while at work at a landfill, and that he contracted hepatitis. Young also

Because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.

complains about the conditions of his confinement at Montgomery County Prison, which he asserts included beatings by prison staff, a cell without running water, and deprivation of medical treatment and access to the law library. Because his complaint was dismissed without prejudice, Young may include these factual allegations in a new complaint if he decides to pursue his claims.