**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2010
_____

PATRICK DANIEL TILLIO, JR.,
Appellant

v.

CEO GERRY KENT; DR. ROCIA NELL;
NORRISTOWN STATE HOSPITAL; DEPARTMENT OF PUBLIC WELFARE
OF THE COMMONWEALTH OF PENNSYLVANIA; MONTGOMERY HOSPITAL;
MONTGOMERY COUNTY COURT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-12-cv-01436)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 10, 2012
Before:  RENDELL, FUENTES, WEIS, Circuit Judges

(Opinion filed: September 6, 2012)
_____

OPINION
_____

PER CURIAM.

Pro se appellant Patrick Daniel Tillio, Jr., appeals the District Court's dismissal

without prejudice of his "rambling and unclear" complaint for failure to comply with the

requirement of Fed. R. Civ. P. 8(a) ("Rule 8") that it be "a short and plain statement of the claim showing that the pleader is entitled to relief." In his complaint, Tillio alleges that various defendants infringed upon his personal freedom by, among other things, fraudulently violating his civil rights without cause and breaking into his home to install surveillance equipment.

Insofar as Tillio has effectively declared "his intention to stand on his complaint" rather than take advantage of his leave to amend, the order is final and appealable, and we have jurisdiction under 28 U.S.C. § 1291. Borelli v. City of Reading, 532 F.2d 950, 952 (3d Cir. 1976). See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (appealing instead of amending within the time granted by the court is an election to stand on the complaint).

We review the District Court's decision to dismiss a claim under Rule 8 for abuse of discretion. In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Having reviewed the record, we must agree with the District Court's characterization of the complaint as "rambling and unclear." Tillio on appeal sheds no further light on his claims and provides no basis for concluding that the District Court abused its discretion in dismissing the complaint for failure to comply with Rule 8.

Accordingly, we will affirm the District Court's order.

2