**ALD-333**                                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1514
_____

MARCO MIGUEL ROBERTSON,
Appellant

v.

EXECUTIVE DIRECTOR BRAIN INSTITUTE
GEISINGER MEDICAL CENTER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00010)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit
L.A.R. 27.4 and I.O.P. 10.6
August 14, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 8, 2014)
_____

OPINION
_____

PER CURIAM

Pro se litigant Marco Miguel Robertson, proceeding in forma pauperis, appeals the

District Court's order dismissing his complaint against the Executive Director of the

Brain Institute at Geisinger Medical Center.  For the reasons set forth below, we will summarily affirm the District Court's judgment.

Robertson is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.  He initiated this action in the Middle District of Pennsylvania in January 2014, asserting Eighth Amendment violations against the Defendant, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  As relief, Robertson requested transfer to another facility and "all applicable monetary damages."

Because he filed in forma pauperis, Robertson's complaint was subject to the screening requirements of 28 U.S.C. § 1915A.  The Magistrate Judge recommended that the complaint be dismissed because this action against the Brain Institute's Executive Director, a private party, cannot lie under Bivens; only federal officials can be sued in a such an action.  The Magistrate Judge also noted that Robertson's complaint requested relief that the Defendant could not possibly provide, as the Executive Director of the Brain Institute does not control where prisoners are incarcerated.  Robertson filed objections to the Magistrate Judge's report, but in his eight pages of argument addressed only the first issue, and then in a single, passing reference.  He wrote:  "Though Geisinger Medical Center in Danville, Pa. is a private entity[,] what's now here before [the] court is heavily intertwined with deliberately indifferent sadistic minded staff, which did and does have [an] adverse effect on defendant doing vital job properly."

2

The District Court reviewed Robertson's objections, adopted the Magistrate Judge's report in its entirety, and dismissed the complaint. The dismissal was without prejudice, allowing Robertson 20 days to correct the complaint's defects. Robertson declined to do so and filed a timely notice of appeal instead. We have jurisdiction under 28 U.S.C. § 1291[1] and exercise plenary review over the District Court's order dismissing the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court did not err in dismissing the complaint. It is well-settled that a Bivens action can only be brought against federal officials, not private entities. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001); see also Minneci v. Pollard, 132 S. Ct. 617, 626 (2012). This is true even if the private entity being sued was acting under color of federal law. See Malesko, 534 U.S. at 66. The Brain Institute's Executive Director, as a private entity, is thus not subject to Bivens liability. Because the sole defendant has no liability for the claims presented, the complaint was properly dismissed.

Accordingly, we will affirm the District Court's judgment.

---

[1] Although Robertson was given leave to amend, this appeal presents no jurisdictional problem. Robertson clearly demonstrated his election to stand on the complaint when he filed his notice of appeal within the 20-day amendment period. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).