**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4412
_____

JENN-CHING LUO,
                              Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT;
GEOFFREY BALL; BRIAN SCHNEIDER;
SHARON W. MONTANYE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-15-cv-04248)
District Judge: Honorable Thomas N. O'Neill, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2018

Before: SHWARTZ, KRAUSE and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 11, 2018)
_____

OPINION[*]
_____

PER CURIAM

       Pro se appellant, Jenn-Ching Luo, appeals from the District Court's order entered

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

October 31, 2016. For the following reasons, we will affirm.

I.

Luo is the father of B.L., a minor who receives special education services in the Owen J. Roberts School District in Pottstown, Pennsylvania. B.L. was originally placed in a day program within the district, but Luo later asked that B.L. be moved to a residential program. B.L.'s Individualized Education Plan (IEP) team agreed to a residential placement. After meetings with Special Education Supervisor Geoffrey Ball, however, Luo received a revised IEP indicating that B.L. was ineligible for such placement. The revised IEP also included a Specially Designed Instruction (SDI) directing Luo to take a parent-training course under the School District's supervision. The School District also issued a Notice of Recommended Educational Placement (NOREP) notifying Luo of its intent to implement the proposed SDI requiring parent training.

Luo objected and filed an administrative due process complaint under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400−1482. Following a hearing in August 2014, Hearing Officer Cathy A. Skidmore ordered an Independent Educational Evaluation (IEE) in order to determine B.L.'s needs. Luo objected and informed the School District that he intended to appeal the Hearing Officer's decision.

Accordingly, in November 2014, Luo commenced an action in the United States District Court for the Eastern District of Pennsylvania. (E.D. Pa. Civ. No. 14-cv-6354) (Luo I). Luo named as defendants: the School District; Sharon Montayne, the School District's attorney; Supervisor Ball; Hearing Officer Skidmore; and Keri Kolbay, a psychologist hired to conduct the IEE.[1]

Meanwhile, the School District proceeded to conduct the IEE. At a meeting in January 2015, the IEP team proposed revisions to B.L.'s IEP based on Kolbay's recommendations. Among other revisions, the IEP recommended that a behavioral specialist observe B.L. at school and at home. To this end, and with Luo's consent, the School District's psychologist, Brian Schneider, evaluated B.L. Dr. Schneider concluded that B.L. was more independent at school than at home, and recommended that Luo undergo parent training. Around this time, the School District issued another NOREP notifying Luo of its intent to implement the proposed SDIs requiring parent training.

Luo filed a number of additional administrative complaints challenging the School District's actions and recommendations. A hearing on the consolidated complaints took

---

[1] The complaint set forth the following claims: the School District and Ball had violated Luo's "liberty right" by recommending the SDI (claims one and two) and failing to obtain a residential placement for B.L. (claim three); Skidmore violated his liberty right to informed consent and due process by ordering the IEE (claim four); the School District, Ball, and Kolbay violated his rights to privacy and due process by transmitting and reviewing B.L.'s records (claims three and seven); the School District, Ball, Kolbay, and Montayne violated his due process rights by proceeding with the IEE after he appealed the Hearing Officer's decision (claims six and eight).

place on February 13, 2015. This time, the hearing officer found in Luo's favor in several respects.

The School District then initiated its own case against Luo in the District Court seeking reversal of the hearing officer's decision. (E.D. Pa. Civ. No. 15-cv-2952) (Luo II). Luo responded with counterclaims against the School District challenging the need for the IEE and raising claims for both breach of implied covenant of good faith and fair dealing, and malicious abuse of process. Luo also filed a third-party complaint raising due process and malicious-abuse-of-process claims against the attorneys who represented the School District at the administrative level and law firm Sweet Stevens Katz & Williams LLP. Following additional administrative hearings, Luo commenced another civil action in the District Court against the School District, Ball, Montayne, and Schneider. (E.D. Pa. Civ. No. 15-cv-4248) (Luo III).[2]

---

[2] Luo raised the following claims in the complaint: violation of his equal protection rights by the School District and Ball (claim one); violation of Luo's liberty rights by the School District and Ball (claims two, five, and six); malicious abuse of process by the School District, Ball, and Montayne (claim three); violation of Luo's substantive due process rights by the School District and Ball (claim four); breach of the duty of good faith and fair dealing by the School District and Ball (claim seven); defamation by the School District and Ball (claim eight); harassment by the School District and Ball (claim nine); violation of Luo's liberty right by the School District and Schneider (claim ten); violation of Luo's substantive due process rights by the School District and Schneider (claim eleven); defamation against the School District and Schneider (claim twelve); and negligence against the School District and Schneider (claim thirteen).

The various parties moved to dismiss the complaints in <u>Luo I</u>, <u>Luo II</u>, and <u>Luo III</u>. These motions were referred to a Magistrate Judge who issued a Report and Recommendation in each case. The parties filed objections. On October 27, 2016, the District Court issued a Memorandum Opinion addressing the Reports and Recommendations as well as the parties' objections in all three cases. The District Court determined that several of Luo's claims survived the motions to dismiss, but noted that the state of the three actions—which included overlapping facts and claims—made practical resolution of the issues difficult. Therefore, having reviewed the parties' claims under Rule 12(b)(6), "and with an eye toward efficiency," the District Court ordered as follows.

In <u>Luo I</u>, the District Court dismissed with prejudice all of Luo's Fifth-Amendment claims, all claims against Hearing Officer Skidmore, and all claims against Attorney Montayne. However, the court dismissed without prejudice Luo's claims against the School District and Ball (claims one through three, and claims five through eight), and instructed him to re-plead these claims in a seconded amended complaint. The District Court likewise dismissed Luo's claims against Kolbay (claims five and six) without prejudice to his ability to re-plead them. In <u>Luo II</u>, the court did not dismiss any of the School District's claims, but dismissed with prejudice Luo's counterclaims and the claims raised in his third-party complaint.

In <u>Luo III</u>, the District Court dismissed with prejudice claims one, three, and seven through thirteen. The court determined that the remaining claims (claims two, four, five,

5

and six), however, could go forward. That being said, the court concluded that these four claims were substantially identical to claims that Luo had raised in Luo I. Therefore, the District Court dismissed claims two, four, five, and six in Luo III without prejudice to Luo's ability to include them in his second amended complaint in Luo I.

The District Court then consolidated Luo I and Luo II pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, closed Luo III, and directed Luo to file a second amended complaint in Luo I setting forth all claims not dismissed with prejudice within thirty days (by November 30, 2016). The court instructed Luo to take care to combine like claims and include all factual allegations relating to a particular claim within that claim.

Instead of filing a second amended consolidated complaint as instructed, Luo filed a motion for reconsideration challenging the District Court's order. The District Court denied reconsideration and directed Luo to file the second amended consolidated complaint by December 23, 2016. The District Court advised Luo that failure to do so would result in the dismissal with prejudice of all remaining claims. Luo did not amend his pleading within that time period. Instead, on December 26, 2016, Luo filed a notice of appeal seeking review of the District Court's orders. The District Court has stayed the proceedings below pending resolution of this appeal.

II.

Although we ordinarily lack jurisdiction over an order that dismisses a complaint without prejudice in part, we may exercise jurisdiction here because Luo has elected to

6

stand on his complaint.[3]  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d

Cir. 1992).  In addition, the Supreme Court has recently held that when, as in this case,

"one of several consolidated cases is finally decided, a disappointed litigant is free to

seek review of that decision in the court of appeals" even if one of the other consolidated

cases remains pending.  Hall v. Hall, 138 S. Ct. 1118, 1131 (2018).  Therefore, we will

treat the District Court's order as final and exercise appellate jurisdiction under 28 U.S.C.

§ 1291.  See Wellman v. Butler Area Sch. Dist., 877 F.3d 125, 130 (3d Cir. 2017).  Our

review is plenary.  Our review of a Rule 12(b)(6) dismissal is plenary.  See Scattergood

v. Perelman, 945 F.2d 618, 621 (3d Cir.1991).

### III.

A.  The District Court's Dismissal Without Prejudice of Claims Two, Four, Five, and Six in Luo III

Luo's primary argument on appeal is that the District Court erred in dismissing

without prejudice claims two, four, five, and six in Luo III and instructing him to re-plead

them in a second amended complaint in Luo I.  According to Luo, the District Court erred

because the claims in Luo III were not substantially similar to any claims in Luo I.

---

[3] Because Luo filed his motion for reconsideration within twenty-eight days of the District Court's October 31, 2016 order, we have jurisdiction to review both the District Court's order denying reconsideration and its underlying order.  See CTC Imp. & Exp. v. Nigerian Petroleum Corp., 951 F.2d 573, 577 (3d Cir. 1991).  Luo does not specifically challenge the District Court's order denying reconsideration.

7

The District Court acted within its discretion in administering its docket in this manner.[4] We have made clear that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977). Thus, a district court faced with a second, duplicative complaint may choose to dismiss the second complaint without prejudice. Id. We have reviewed the pleadings and agree with the District Court that the disputed claims were substantially similar. Furthermore, even assuming that the complaint in Luo III contained some distinct allegations, we fail to see how Luo was prejudiced by the District Court's action given that he was permitted to re-plead each of these claims in a new complaint in Luo I. The District Court's effective consolidation of the two complaints was purely for administrative efficiency and had no effect on Luo's ability to proceed with these causes of action.[5] Luo could have so proceeded by filing a second amended complaint in Luo I but chose not to do so.

     B.     The District Court's Dismissal of the Malicious-Abuse-of-Process Claim

---

[4] We review a district court's dismissal of a duplicative complaint for abuse of discretion. Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir.1991).

[5] To the extent that Luo argues that claims raised in a second amended complaint in Luo I would have been time-barred, the District Court specifically addressed this concern, explaining that Federal Rule of Civil Procedure 15(c)(1)(B) allows relation back of any amendments that "assert[] a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." As a common core of operative facts existed between Luo I and Luo III, Luo's new claims would have been timely.

8

Luo next challenges the District Court's determination that he failed to state a claim for malicious abuse of process. In claim three in Luo III, Luo asserted that Ball's use of NOREPS to force him into parent training constituted malicious abuse of process. Luo sought to hold Ball, the School District, and Attorney Montayne liable under this theory.

"[A] section 1983 claim for malicious abuse of process lies where prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." Rose v. Bartle, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (quotation marks omitted). "The gravamen of [a malicious abuse of process claim] is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." Restatement (Second) of Torts § 682 cmt. a (1977).

The District Court correctly concluded that Luo failed to state a claim for malicious abuse of process. Simply stated, the agency's issuance of NOREPS does not constitute "process" for purposes of a § 1983 malicious-abuse-of-process claim. A NOREP is a form completed at the end of the IEP development process that must be provided to parents whenever the school district proposes a change. 20 U.S.C. § 1415(b)(3), (c)(1). A NOREP is not a form of legal process. Luo fails to cite any authority to support his contention that a malicious-abuse-of-process claim may rest on a school district's issuance of NOREPs or similar administrative action.

C.      The District Court's Dismissal of the Informed-Consent Claim

In claim ten of Luo III, Luo asserted that he was deprived of his liberty right "to informed consent" regarding the adaptive behavior assessment that Dr. Schneider performed on B.L.  Luo conceded that he generally consented to Dr. Schneider's assessment, but claimed that he did not consent to the methodology that Dr. Schneider used to conclude that B.L. was more independent at school than at home.  Borrowing the concept of informed consent from the medical context, Luo contended that Dr. Schneider's "unapproved assessment" amounted to a violation of "the liberty right to informed consent."

We agree with the District Court that Luo does not have a constitutionally protected interest in being advised of the methodology Dr. Schneider used in the adaptive behavior assessment.  Rights are protected under the Due Process Clause if they are "so rooted in the traditions and conscience of our people as to be ranked as fundamental" or if such rights reflect basic values "implicit in the concept of ordered liberty" such that "neither liberty nor justice would exist if they were sacrificed."  Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted).  As the District Court explained, Luo's interest in being advised of Dr. Schneider's methodology is not the sort of "fundamental" interest entitled to the protection of substantive due process.  As a result, the District Court correctly concluded that Luo failed to assert a substantive due process claim in this regard.

IV.

We have reviewed Luo's remaining arguments and conclude that they are meritless. Accordingly, we will affirm.