**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1330
_____

BERNARD ANDREW ROTHMAN,
Appellant

v.

STATE OF NEW JERSEY, DEPARTMENT OF LABOR AND WORKFORCE
DEVELOPMENT, DIVISION OF WAGE AND HOUR COMPLIANCE, GENERAL
ENFORCEMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-13011)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2021
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed May 27, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Bernard Rothman appeals the District Court's order dismissing his complaint under Fed. R. Civ. P. 12(b)(1). For the reasons set forth below, we will affirm.

Rothman filed a pro se complaint against the New Jersey Department of Labor and Workforce Development ("the Department") alleging that it issued an invalid subpoena against him and that its subpoena power is unconstitutional. According to Rothman, the Department issued a subpoena demanding certain payroll information from a business that he owns. Rothman alleged that the subpoena contained the wrong address for the business and was overbroad. He claimed that when he complied with the subpoena and appeared to give testimony, he was coerced into signing a prewritten statement. He also alleged that the Department is engaging in "[m]ass [s]urveillance of every entity and individual without any court order [or] probable cause," in violation of the Fourth Amendment. ECF 1 at 6.

After the Department filed a motion to dismiss, the District Court dismissed the action without prejudice on the ground that the state is immune from suit under the Eleventh Amendment. Even though Rothman sued the Department, the District Court concluded that the state was "the real party in interest" and the Department was thus immune from suit. The District Court granted Rothman leave to amend his complaint, which Rothman did not do. Instead, he appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal of Rothman's case. See Blanciak v.

---

[1] We have ruled that we can exercise appellate jurisdiction over a litigant's appeal from an order dismissing a complaint without prejudice and with leave to amend on the basis

2

Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996) (reciting standard of review for dismissal of an action on sovereign immunity grounds).

The Eleventh Amendment guarantees that nonconsenting states may not be sued by private individuals in federal court unless Congress abrogates the state's immunity pursuant to a valid exercise of its power. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363-64 (2001). A suit may be barred by the Eleventh Amendment even though a state is not named a party to the action, as long as the state is the real party in interest. Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (stating "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). "This jurisdictional bar applies regardless of the nature of the relief sought."[2] Pennhurst State Sch. & Hosp., 465 U.S. at 100.

---

that the litigant failed "to move to amend within the [period of time] granted by the court." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). By failing to file an amended complaint within the time allotted by the District Court and filing a notice of appeal instead, Rothman "elected to stand" on his complaint. See id.; see also Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 279 (3d Cir. 2016); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 31 n.3 (3d Cir. 2011) (per curiam). Rothman also confirmed his desire to stand on his complaint in his opening brief. See Appellant's Br. at 8; see also Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001) (concluding that appellant may declare intention to stand on complaint in this Court).

[2] While a limited exception exists in which federal courts may have jurisdiction to entertain a lawsuit seeking prospective injunctive relief against a state official, see Pennhurst, 465 U.S at 102-03, Rothman has not named any state officials in this action.

The District Court correctly determined that the case was barred by the Eleventh Amendment. As the District Court explained, the Department is a principal department of the state's executive branch and any money collected by the Department is paid to the New Jersey state treasury. ECF 13 at 6. The State of New Jersey was thus the real party at interest, and the District Court properly held that the Department was immune from suit. See Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989) (en banc). Further, New Jersey has not waived its immunity in federal court, see Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth., 819 F.2d 413, 418 (3d Cir. 1987), abrogated on other grounds by Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994), and Congress has not abrogated New Jersey's immunity, see generally Quern v. Jordan, 440 U.S. 332, 345 (1979).

Accordingly, we will affirm the District Court's judgment.