**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1782
_____

FREDERICK W. SMITH, JR., Appellant

v.

KRISTY L. ROGERS, Kent County Delaware Probation Officer

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-21-cv-01674)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2022

Before: HARDIMAN, PORTER, and *MCKEE, <u>Circuit Judges</u>

(Opinion filed:  December 5, 2022)

_____

OPINION**
_____

_____

\* Honorable Theodore A. McKee, United States Circuit Judge for the Third Circuit, assumed senior judge status on October 21, 2022.

\*\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Frederick Smith Jr., proceeding pro se, appeals an order of the United States District Court for the District of Delaware dismissing his complaint for failure to state a claim upon which relief may be granted. For the reasons that follow, we will affirm.

Smith filed a complaint pursuant to 42 U.S.C. § 1983 against probation officer Kristy Rogers. He alleged that on October 7, 2021, Rogers falsely stated in an administrative warrant that he had violated his curfew. Smith averred that Rogers knew that he was a registered homeless man and that he did not have a curfew. He claimed that he was illegally detained. Smith also claimed that Rogers discriminated against him because he is black. In addition, he alleged that his incarceration should have ended on November 3, 2021, but that he was not released. Smith sought money damages. Thereafter, Smith sought to amend his complaint in order to allege that Rogers added to the warrant a false statement that he did not sign "assessment, evaluation, and treatment papers." See Motion to Amend.

The District Court screened Smith's complaint pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B) and dismissed it for failure to state a claim for relief. It explained that Smith had not stated a claim for unlawful arrest because he had not pleaded facts addressing whether he had a hearing on a violation of his probation and, if so, what the outcome was. The District Court also stated that Smith had no claim against Rogers, who was not a prison official, based on his alleged confinement beyond his release date. The

2

District Court afforded Smith leave to amend his complaint and granted his motion to amend. Smith appealed. He did not file an amended complaint.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Our standard of review is plenary. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

Claims for false arrest and false imprisonment require that an arrest was made without probable cause. Groman v. Twp. of Manalapan, 47 F.3d 628, 634-36 (3d Cir. 1995). Smith reiterates on appeal his claim that Rogers falsely stated in an administrative warrant that he violated his curfew and failed to sign certain papers. He asserts again that he was homeless. Smith does not explain the circumstances of his arrest or whether Rogers arrested him.[1] Absent factual matter supporting a conclusion that probable cause was lacking for his arrest, Smith does not state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable"). Even if Smith's allegation that he was homeless supported a claim that probable cause was lacking for an arrest for violating a curfew, he alleges no facts suggesting that probable cause was lacking for his arrest based on a failure to sign certain papers.[2]

---

[1] Delaware probation officers can arrest persons who violate a condition of their probation. See Del. Code Ann. tit. 11, § 4334(b).

[2] We need not decide whether probable cause or a lesser standard applies to the arrest of a probationer because Smith's complaint was deficient under either standard. Because we

3

Smith also appears to contend that the District Court should have treated his motion to amend as an amended complaint in which he claimed that Rogers falsely stated that he did not sign assessment, evaluation, and treatment papers. He asserts that a document attached to that motion shows that he signed the papers. An amended pleading, however, is required to effectively amend a complaint. Grayson v. Mayview State Hosp., 293 F.3d 103, 109 n.9 (3d Cir. 2002). In addition, a district court generally may not consider documents outside the pleadings in deciding whether to dismiss a complaint. Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022). And even if the document (his signed conditions of supervision) were considered, it does not suggest that he has a plausible claim for false arrest. To the contrary, the document requires Smith to, among other things, release assessment, evaluation, and treatment information to a probation officer.

Smith also asserts that he was on probation for over a year without committing a new crime. He states that he was sentenced to three years and eleven months, that he should have received time served for a violation of his probation, and that he should have received a fine and/or up to one year in prison. Smith reiterates that his maximum sentence expired on November 3, 2021.

---

may affirm on any basis supported by the record, TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019), we need not address the District Court's rationale for dismissing this claim.

Insofar as Smith contends that he has been held beyond his release date, he fails to state a claim under § 1983 for the reason stated by the District Court. To the extent Smith challenges the legality of his sentence and seeks his release, his claim is not cognizable under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Finally, to the extent he pursues his discrimination claim, he alleged no factual matter in support of that claim.

Accordingly, we will affirm the judgment of the District Court.