NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2121
_____

VINCENT ROGGIO,

Appellant

v.

MCELROY, DEUTSCH, MULVANEY & CARPENTER;
LOUIS A. MODUGNO, ESQ.; ANTHONY Z. EMMANOUIL;
EUGENIA K. EMMANOUIL; JOHN DOES 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cv-00777)
District Judge: Hon. Joel A. Pisano

_____

Submitted under Third Circuit LAR 34.1(a)
February 15, 2011

Before: SLOVITER, HARDIMAN and ALDISERT, Circuit Judges.

(Filed February 28, 2011)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

1

Appellant Vincent Roggio appeals from the District Court's denial of his Motion to Remand and its grant of the Defendants' Motion to Dismiss. Roggio contends that the District Court erred by (1) denying his Motion to Remand on the basis that two of the Defendants were fraudulently joined, and (2) granting the Defendants' Motion to Dismiss for failure to state a claim. For the reasons that follow, we will affirm.[1]

The parties are familiar with the facts and the proceedings in the District Court, so we will not revisit them in detail here.

Roggio's Complaint alleges that the Defendants defamed him and invaded his privacy by making public his "rap sheet." To determine whether joinder was fraudulent in this case, we must inquire whether there is a "colorable ground" supporting Roggio's claims. See In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (stating joinder is fraudulent if, inter alia, "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant") (citation omitted); Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) (describing that a claim is not colorable if it is "wholly insubstantial and frivolous"). To determine if the complaint properly stated a claim, we must inquire whether the claim is "plausible." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

---

[1] As we determine below, the District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of a motion to dismiss. E.g., Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010). We also review de novo a district court's analysis of fraudulent joinder and its denial of a plaintiff's motion to remand. See Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 311 (5th Cir. 2002).

The District Court determined that Roggio's claims against Defendants McElroy, Deutsch, Mulvaney & Carpenter, LLP ("MDMC") and Modugno were barred by New Jersey's absolute litigation privilege and, consequently, Roggio fraudulently joined them to defeat diversity jurisdiction. The Court determined that the claims against the Emmanuoil Defendants were barred by the New Jersey statute of limitations.

We agree with the District Court in all respects. The absolute litigation privilege applies to communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 661 A.2d 284, 289 (N.J. 1995) (citation and quotations omitted). Applying this test, the District Court properly concluded that publication of Roggio's criminal history was protected by the privilege. Because the publication was protected, Roggio's claims against Defendants MDMC and Modugno are "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852. The District Court therefore did not err in determining MDMC and Modugno were fraudulently joined, and it properly denied Roggio's Motion to Remand. See Briscoe, 448 F.3d at 216 ("If the district court determines that the joinder was fraudulent . . . the court can disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants.") (citation and quotations omitted).

Regarding the allegations that the Emmanuoil Defendants published Roggio's criminal history online in 2006, the District Court correctly determined that Roggio's claims were barred by the applicable one-year statute of limitations. See N.J. Stat. Ann. § 2A:14-3 (West 2010) (one-year limitation on "libel or slander"); Swan v. Boardwalk

3

Regency Corp., 969 A.2d 1145, 1151-55 (N.J. Super. Ct. App. Div. 2009) (holding that § 2A:14-3 applies to all false light and defamation claims).

We therefore determine that Roggio's claims are neither "colorable" nor "plausible," and the District Court properly denied his Motion to Remand and granted the Defendants' Motion to Dismiss.

*****

We have considered all contentions presented by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be AFFIRMED.

4