**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1015
_____

IN RE:  VERNON L. BROWN,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-16-cv-01824)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 22, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: February 28, 2018)
_____

OPINION*
_____

PER CURIAM

    In December 2016, petitioner Vernon Brown filed a complaint in the United States

District Court for the Western District of Pennsylvania against Defendant Matrix

Property Management Company.  In that complaint, Brown alleged that he had been

illegally evicted from his residence.  The complaint was referred to a Magistrate Judge

("MJ") who recommended that Defendant's motion to dismiss be granted.  The District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court adopted the MJ's recommendation and dismissed the complaint without prejudice for lack of jurisdiction in a Memorandum Order entered on September 6, 2017.

Brown was afforded an opportunity to file an amended pleading, and he timely complied by filing an amended complaint and a second amended complaint. The MJ concluded that the second amended complaint once again failed to allege a sufficient basis to establish jurisdiction, and recommended dismissal of the action with prejudice. In a Memorandum Order recently entered on February 14, 2018, however, the District Court found that Brown's alleged discrimination claim under the Fair Housing Act, 42 U.S.C. §§ 3601-3631, stated an adequate jurisdictional basis to allow the court to exercise subject matter jurisdiction under 28 U.S.C. § 1331. The court nonetheless concluded that, given the allegations set forth in the second amended complaint, Brown failed to state a claim on which relief can be granted. The court granted Defendant's motion to dismiss. The District Court afforded Brown one last opportunity to amend his pleading and dismissed the complaint without prejudice.

In the meantime, Brown filed a petition for writ of mandamus in this Court. Brown complied with the filing requirements for that petition on February 9, 2018. In the petition, Brown asks this Court to direct "a ruling in his favor" and to order the District Judge and MJ to recuse themselves from the case. See Pet. at 1; Suppl. Mem. at 1. In support of his requests, Brown asserts that the judges have displayed "illegal and corrupt judicial behavior." See Pet. at 1. According to Brown, recusal is warranted due to the "lack of ethical, moral, and judicial rule towards [him]," as evidenced by "the filings,

rulings and clerical errors" that have been issued during the District Court proceedings thus far. See Suppl. Mem. at 1.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009).

The circumstances here are not extraordinary, and Brown has failed to show that he has no other adequate means to challenge the District Court's rulings. Any claims of error regarding the District Court's decisions – including those reviewing the Magistrate Judge's Orders and Reports and Recommendations – could be set forth in an appeal from those adverse rulings once a final judgment is entered or Brown elects to stand on his second amended complaint as filed. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam) (an order dismissing a complaint without prejudice is not final under 28 U.S.C. § 1291, unless the plaintiff cannot cure the defect that led to the dismissal or wishes to stand on the dismissed complaint); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (order becomes final where plaintiff given 30 days to amend complaint, but instead files notice of appeal within that time). Brown may not

use a mandamus petition as a substitute for the appeals process. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Brown likewise has not shown that he is entitled to an order directing the recusal of the District Judge and MJ. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably questioned." In re Kensington, 353 F.3d 211, 220 (3d Cir. 2003). Although Brown argues that the decisions rendered in this case demonstrate "conflicted interests," he does not point to anything in the record that would lead a reasonable person to agree. Rather, Brown simply appears to take issue with the unfavorable rulings that have been entered throughout the course of the proceedings. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Brown does not identify any other relevant basis for bias or prejudice in seeking removal of the District Judge or MJ from the case.

For these reasons, we will deny the petition for mandamus.