**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1584
_____

ASSEM A. ABULKHAIR,
                        Appellant

v.

GOOGLE LLC; LAWRENCE EDWARD PAGE;
SERGEY MIKHAYLOVICH BRIN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:17-cv-07217)
District Judge: Honorable Esther Salas
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 14, 2018

Before:  RESTREPO, BIBAS, and NYGAARD, Circuit Judges

(Filed: June 19, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Assem Abulkhair appeals pro se from the District Court's order dismissing his complaint brought against Google LLC and its co-founders, Larry Page and Sergey Brin ("Appellees"). For the reasons that follow, we will summarily affirm that order.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. Abulkhair's pro se complaint, filed in September 2017, revolved around allegations that Appellees tampered with, blocked access to, and ultimately disabled a free email account that he had obtained from Google in 2014. Abulkhair alleged that Appellees' conduct violated his constitutional rights and certain federal laws, and he also raised state-law tort claims. In light of these allegations, Abulkhair sought "not less than" $100 billion in damages and various other relief.

On February 8, 2018, Google moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 9, 2018, the District Court granted that motion and dismissed the complaint as to all three defendants. That dismissal was without prejudice to Abulkhair's ability to file an amended complaint by April 23, 2018. He did not subsequently file an amended complaint; instead, he brought this appeal.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] Our review

over the District Court's dismissal order is plenary. See Allah v. Seiverling, 229 F.3d

220, 223 (3d Cir. 2000). We may affirm that order on any basis supported by the record,

see Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take

summary action if this appeal fails to present a substantial question, see 3d Cir. I.O.P.

10.6.

Having carefully reviewed Abulkhair's complaint, we agree with the District

Court's decision to dismiss that pleading. To the extent that Abulkhair's complaint raised

claims under the Privacy Act of 1974 (which is codified as amended at 5 U.S.C. § 552a)

and the First, Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, those claims were subject to dismissal because Appellees are private actors.

See 5 U.S.C. § 552a(g)(1) (authorizing a civil action against an "agency," not a private

actor); Skinner v. Ry. Labor Execs.' Ass'n., 489 U.S. 602, 614 (1989) (noting that the

Fourth Amendment does not protect against searches and seizures initiated by private

actors); Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982) (explaining that the Fourteenth

Amendment "applies to acts of the states, not to acts of private persons or entities");

Pub. Utils. Comm'n of D.C. v. Pollak, 343 U.S. 451, 461 (1952) (stating that the First

---

[1] Our jurisdiction under § 1291 is limited to reviewing final orders of the district courts. See 28 U.S.C. § 1291. When, as here, a district court dismisses a complaint without prejudice and the plaintiff does not file an amended complaint within the time provided by the district court, the district court's dismissal constitutes a "final" order for purposes of § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

and Fifth Amendments "apply to and restrict only the Federal Government and not private persons").[2] Abulkhair's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., was subject to dismissal because he did not allege that he was Appellees' employee. See Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013). His claim under 42 U.S.C. § 1985(3) was subject to dismissal because it was insufficiently pleaded, in that it contained only bald allegations that Appellees conspired to discriminate against him on the basis of his race. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that "[a] pleading that offers labels and conclusions or . . . tenders naked assertion[s] devoid of further factual enhancement" cannot survive dismissal) (alteration in original) (internal quotation marks omitted). Lastly, because all of Abulkhair's federal claims were subject to dismissal, it was appropriate to dismiss his state-law claims, too. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("This Court has recognized that, where the claim[s] over which the

_____

[2] "Although a private party can be liable under [42 U.S.C.] § 1983 if he or she willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right," Max v. Republican Comm. of Lancaster Cty., 587 F.3d 198, 203 (3d Cir. 2009), Abulkhair did not allege that Appellees conspired with any state officials. Furthermore, to the extent that an alleged conspiracy between a private actor and a *federal* actor can, under certain circumstances, support a viable constitutional claim against the private actor, but see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001) (refusing to extend Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), "to confer a right of action for damages against private entities acting under color of federal law"), those circumstances are not present here. Although Abulkhair alleged, "upon information and belief," that Appellees gave his email password to the Federal Bureau of Investigation so that the agency could spy on him, that allegation is not enough to plead a viable conspiracy claim, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (indicating that a plaintiff pleading a conspiracy claim must allege "facts that plausibly suggest a meeting of the minds").

district court has original jurisdiction [are] dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.") (internal quotation marks omitted).

In contesting the District Court's dismissal of his complaint, Abulkhair appears to allege that he was not served with Google's motion to dismiss. But even if we take that allegation at face value (and ignore the certificate of service attached to Google's motion to dismiss, which states that service was indeed made on Abulkhair), there is no reason to disturb the District Court's dismissal order. Abulkhair has not demonstrated that he suffered prejudice by virtue of not being able to file a response to Google's motion, for that response would not have enabled him to survive dismissal. The only way to cure the defects in his complaint was to file an amended complaint. Abulkhair acknowledges that he learned of the District Court's dismissal order on March 12, 2018, which gave him 42 days to timely file an amended complaint. That he chose not to do so does not warrant vacating the District Court's decision.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.[3]

---

[3] To the extent that Abulkhair argues that the presiding district judge, the Honorable Esther Salas, should have recused herself, we find this argument unpersuasive. See 28 U.S.C. §§ 144, 455 (setting forth standards for recusal). To the extent that Abulkhair takes issue with the District Court's March 9, 2018 order granting Google's motion to modify the case caption (to reflect Google's recent conversion from a corporation to a limited liability company), he has failed to show how he was prejudiced by that order, particularly in light of our conclusion that his complaint was properly dismissed. We see no reason to further consider that order here.

5