**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1870
_____

JOHN F. MARCHISOTTO,
individually and as Guardian,
of A.M., J.M., and M.M., minors,
Appellant

v.

MARGARET GOODZEIT, individually, and in her official capacity,
as Presiding Judge, Somerset County Chancery;
MR. FRANK BRUNO, individually, and in his official capacity,
as the Somerset County Surrogate; LOUIS P. LEPORE, Individually and,
the Law Offices of Louis Lepore P.C. and Louis Lepore, Esq., LLC.;
DEBRA E. CANOVA; THE STATE OF NEW JERSEY, New Jersey Courts,
Middlesex County Surrogate and County; ALBERTO RIVAS individually and
in his official capacity, as the administrative judge, Middlesex County Courthouse;
STAURT J. RABNER, individually , and his official capacity, as the Chief Justice
of the New Jersey State Courts; LAW OFFICE OF JOHN W. THATCHER LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:19-cv-12540)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2021
Before:  MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 4, 2021)
_____

_____

PER CURIAM

John F. Marchisotto, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey that, among other things, granted the defendants' motions to dismiss and denied his motion for a preliminary injunction. For the following reasons, we will affirm.

In May 2019, Marchisotto filed a complaint pursuant to 42 U.S.C. § 1983, which he later amended, seeking to challenge various aspects of an ongoing state court probate matter involving his deceased father. He named as defendants Middlesex County, Superior Court Judge Margaret Goodzeit, the Somerset County Surrogate (Frank Bruno), the executrix of his father's estate (Debra Canova), and her lawyer (Louis P. Lepore). The defendants filed motions to dismiss. (ECF 44, 45, 69.) The District Court consolidated the matter with a separate action that Marchisotto had filed in December 2019. (ECF 68.) The December 2019 complaint named some defendants from the original action and added several new defendants, namely, the State of New Jersey, Superior Court Judge Alberto Rivas, and New Jersey Supreme Court Justice Stuart Rabner. The District Court identified those new parties as "consolidated defendants."

By order entered April 22, 2020, the District Court granted the motions to dismiss filed by Judge Goodzeit, and by Canova and Attorney Lepore. The District Court also

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

dismissed Marchisotto's request to amend the complaint as to Bruno, denied Marchisotto's requests for preliminary injunctive relief, denied as moot Middlesex County's motion to dismiss, and affirmed a Magistrate Judge's order of February 26, 2020.[1] The District Court explained its basis for these decisions during a telephone conference. (Doc. 143.) In its order, the District Court advised Marchisotto that if he "seeks to amend his Complaint to incorporate the parties and allegations from the consolidated matter, he must file a motion seeking leave to do so no later than May 5, 2020." If, instead, Marchisotto sought to appeal, the District Court directed him to "notify the Court in writing of his intention to do so by May 5, 2020 prior to filing his appeal." Finally, the District Court stated that if Marchisotto "fails to seek leave to file an Amended Complaint, the Court will dismiss the consolidated defendants from this matter with prejudice." (ECF 120.)

Marchisotto did not seek leave to file an amended complaint. Instead, he again sought to appeal.[2] (ECF 121, 124.) After the May 5 deadline passed, two of the defendant groups submitted letters asking the District Court to dismiss all claims against

---

[1] The Magistrate Judge's order administratively terminated Marchisotto's motion for a temporary restraining order against Judge Rivas and Chief Justice Rabner, denied a motion for disqualification of Attorney Lepore, and struck two amended complaints. (ECF 98.)

[2] He also filed a motion to stay the District Court proceedings while his appeal proceeded in this Court. (ECF 119.) The District Court denied that motion. (ECF 123.) Although Marchisotto identified that order in his amended notice of appeal, he does not challenge that decision in his opening brief. See Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief).

all parties with prejudice. (ECF 126, 128.) The District Court entered an order on June 5, 2020, dismissing the consolidated defendants and denying as moot Marchisotto's request for leave to file a motion for a preliminary injunction and a temporary restraining order. (ECF 130.) Marchisotto filed another amended notice of appeal. (ECF 131.)

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); see also Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (concluding that plaintiff stood on her complaint because she filed a notice of appeal rather than amending within specified time period). We exercise de novo review of orders granting motions to dismiss, see Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020), and we review for abuse of discretion the denial of a motion to amend a complaint, see Winer Fam. Tr. v. Queen, 503 F.3d 319, 325 (3d Cir. 2007), and the ultimate denial of a preliminary injunction, see Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). We may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

The District Court properly granted Judge Goodzeit's motion to dismiss. Marchisotto challenged Judge Goodzeit's actions in the state court probate proceedings, vaguely alleging that she abused her authority, lacked impartiality, and engaged in misconduct. A judge is immune from liability for all actions taken in her judicial capacity, unless such action is taken in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Marchisotto did not allege that Judge Goodzeit was acting in a non-judicial capacity or in the complete absence of jurisdiction when she ruled in the state court probate matter. See Figueroa v. Blackburn, 208 F.3d 435, 443-44

4

(3d Cir. 2000). Accordingly, the District Court properly granted Judge Goodzeit's motion to dismiss.[3]

The District Court also did not err in granting the motion to dismiss filed by the executrix, Canova, and her attorney, Lepore. To state a claim under § 1983, a plaintiff "must establish that [he] was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). Marchisotto alleged that Canova and Attorney Lepore committed financial crimes, perjured themselves, and signed false financial documents and tax returns. Notably, however, neither Canova nor Attorney Lepore, by virtue of their roles in the probate proceedings, were acting under the color of state law for purposes of § 1983. See Polk County. Dodson, 454 U.S. 312, 318 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); cf. Leshko v. Servis, 423 F.3d 337, 339, 347 (3d Cir. 2005) (explaining that private actors are state actors under § 1983 only where there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself"). Accordingly, the District Court properly dismissed the claims that were brought against them and correctly found that further amendment of the

---

[3] The District Court also properly dismissed as moot the motion to dismiss that was filed by Middlesex County because it was not named in Marchisotto's operative amended complaint. Marchisotto's motions for leave to file a preliminary injunction and a temporary restraining order were also properly dismissed as moot when the District Court dismissed the last remaining defendants with prejudice.

complaint would be futile.[4]  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Finally, we conclude that there is no merit to Marchisotto's challenge to the District Court's affirmance of the Magistrate Judge's order of February 26, 2020.  The Magistrate Judge properly denied Marchisotto's motion for disqualification of Attorney Lepore because the allegations in that motion failed to demonstrate that Attorney Lepore engaged in misconduct or improperly failed to carry professional liability insurance.[5]  In addition, the rejection of Marchisotto's motion for a temporary restraining order was proper.  The motion essentially duplicated an earlier motion that the District Court had rejected because it was unclear what kind of harm that Marchisotto would suffer, how the harm would materialize, or why he was entitled to a temporary restraining order.[6]  (ECF

---

[4] Furthermore, we note that Marchisotto has not meaningfully challenged the District Court's conclusion that he failed to state a claim against Bruno, the Somerset County Surrogate.  See Hall, 969 F.3d at 124 n.2.  Instead, Marchisotto merely suggests, mistakenly, that the District Court lacked authority to dismiss the claims against Bruno sua sponte.  Appellant's Br., 48; see 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted").

[5] As the Magistrate Judge noted, Marchisotto's claims were substantially similar to those that he raised in a grievance filed with the Office of Attorney Ethics (OAE).  (ECF 98, at 6-8.)  The OAE thoroughly investigated Marchisotto's allegations, issuing a lengthy report explaining that Attorney Lepore, as a sole practitioner, did not need to maintain professional liability insurance and that the evidence failed to establish that he engaged in any misconduct.  (ECF 82-1.)

[6] For essentially the same reasons, the District Court correctly denied Marchisotto's requests for preliminary injunctive relief.

6

98, at 12-14.) Marchisotto also complains that the Magistrate Judge improperly struck his second and third amended complaints. The District Court was sympathetic to this argument, however, granting Marchisotto an opportunity to amend his complaint "to incorporate the parties and allegations from the consolidated matter" by May 5, 2020. (ECF 120, at 2.) As noted above, Marchisotto failed to do so; instead, he again sought to appeal. (ECF 121, 124.) We conclude that, under these circumstances, the District Court did not abuse its discretion.

For the foregoing reasons, we will affirm the District Court's judgment.[7]

---

[7] Marchisotto's "Motion for Leave to Exceed Brief Page and Word Count" (Doc. 71), his "Motion to Lodge Exhibits" (Doc. 81), and his "Motion to Lodge Exhibits, with Testimony Evidence, and Documentary Evidence" (Doc. 84), are granted. We deny his motions to disqualify opposing counsel (Docs. 16, 25, 60), including his motion to dismiss the Law Office of John W. Thatcher as a party to the appeal (Doc. 92), his motions to recuse Judge Rivas (Docs. 30, 31), and his requests to dismiss an order issued by the Superior Court (Ocean County) (Doc. 162, 163, 164). To the extent that Marchisotto's numerous letters and other documents filed in this Court seek any other relief, his requests are denied.