**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2659
_____

NOEL BROWN,
                    Appellant

v.

SOMERSET SCI, Administration Office;
ERIC TICE, Superintendent SCI Somerset;
B. COSTEA, Unit Manager SCI Somerset;
PENNSYLVANIA BUREAU OF CORRECTIONS,
Division of Treatment Services

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:22-cv-00020)
District Judge:  Honorable Stephanie L. Haines

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed May 2, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Noel Brown, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Brown, an inmate at the State Correctional Institution in Somerset, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against two correctional officers, the Pennsylvania Department of Corrections, and Somerset-SCI. Brown sought injunctive relief and monetary and punitive damages for violations of the First and Eighth Amendments of the United States Constitution and federal statutes criminalizing mail and wire fraud. Dkt. No. 5 at 3-5. He alleged that, inter alia, correctional officials denied his request for a Kosher meal, removed funds from his inmate account, placed him in a cell with a cellmate despite his fears of contracting COVID-19, and tampered with his mail. Id.

The District Court, over Brown's objections, adopted the Report and Recommendation ("R&R") of a Magistrate Judge and dismissed Brown's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, with leave to amend only his claim that one of the correctional officers violated the Eighth Amendment by placing Brown in a cell with a cellmate.[1] Dkt. Nos. 10 & 23. Rather than file an

---

[1] We pause to question whether the Magistrate Judge was correct not to allow Brown to amend his complaint where some of his claims' deficiencies were factual and might have been corrected upon amendment. See Dkt. No. 10 at 2 ("[Brown] gives no dates, no specifics, and no allegation of personal involvement by [the correctional officers.]"). However, to the extent the Magistrate Judge erred by failing to allow Brown to amend, that error is harmless because Brown repeatedly insisted that he did not want to amend his complaint. See Dkt. Nos. 12 at 3, 24 at 1, 27 at 1; C.A. Dkt. Nos. 10 at 3 & 15 at 4; see generally Fed. R. Civ. P. 61; Gen. Motors Corp. v. New A.C. Chevrolet, Inc., 263

2

amended complaint, Brown filed a motion for reconsideration and a notice of appeal. Dkt. Nos. 24 & 29. The District Court denied the motion for reconsideration.[2] Dkt. No. 32.

We have jurisdiction under 28 U.S.C. § 1291.[3] See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). We exercise plenary review over the District Court's sua sponte dismissal of Brown's complaint. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We construe pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and "are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints," Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019).

---

F.3d 296, 328-29 (3d Cir. 2001).

[2] Though Brown argues on appeal that the District Court erred in denying his motion for reconsideration, his notice of appeal encompassed only the District Court's order dismissing his complaint. See Dkt. No. 29; Fed. R. App. P. 4(a)(4)(B)(ii). Even if we were to consider Brown's argument that, in considering his motion for reconsideration, the District Court failed to comply with Federal Rule of Civil Procedure 72, C.A. Dkt. No. 15 at 5-7, these arguments are plainly without merit. In compliance with Rule 72, the District Court considered Brown's objections to the Magistrate Judge's R&R recommending denial of the motion and conducted a de novo review. Dkt. No. 32 at 3; see Fed. R. Civ. P. 72(b)(3).

[3] The District Court initially dismissed one of Brown's claims without prejudice but, as noted, Brown made numerous statements indicating that he did not want to amend his complaint. Accordingly, this Court has jurisdiction over the appeal. See Borelli, 532 F.2d at 951-52.

On appeal, Brown challenges the District Court's ruling that he failed to state a claim under the Eighth Amendment based on his placement in a cell with a cellmate.[4] C.A. Dkt. No. 15 at 5-8. We agree with the District Court.

Brown asserted that he requested placement in a single cell because he was fearful of COVID-19, that the correctional officer was "vindictive" in placing him with a cellmate, and that he experienced symptoms of the virus. Dkt. No. 5 at 5. However, he did not provide further information about his risk of becoming seriously ill or the correctional officer's knowledge of any excessive risk to him. His general assertions do not support a claim that his constitutional rights were violated. See White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) ("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation.") (citations omitted); Africa v. Pennsylvania, 662 F.2d 1025, 1036 n.23 (3d Cir. 1981) ("While the Commonwealth does not run afoul of the [E]ighth [A]mendment by refusing to provide [the prisoner] with what he wants, it may do so by refusing to provide him with what he needs."). Although the District Court properly provided Brown the opportunity to amend this claim, Brown repeatedly declined to do so.

We will affirm the judgment of the District Court.

---

[4] To the extent that Brown raised additional arguments for the first time in his reply brief regarding the District Court's rulings on his claims related to the opening of his mail, his religious practices, and his inmate account, C.A. Dkt. No. 23 at 4, 8, 9, we deem any such argument forfeited. See Haberle v. Borough of Nazareth, 936 F.3d 138, 141 n.3 (3d Cir. 2019).