**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3266
_____

DAVID Q. WEBB,
                            Appellant

v.

STATE OF DELAWARE; MOLLY K. MAGARIK, Secretary of Health & Social
Services; RENEE P. BEAMAN, Director of Division State Service Centers;
THOMAS HALL, Director of Division of Social Services; JOYCE MIXON, New Castle
County Regional Administrator of DHSS-DSSC-Family Services; TIFFANY LEWIS,
Administrator-DHSS-DSSC-DelaWarr Service Center; FRANCIS L. RIDDICK, Senior
Social Services Administrator-DHSS-DSS-WonderWorks Resource Unit;
NICOLE P. DRAPER, Master Family Service Specialist - DHSS-DSS-Porter State
Service Center-WonderWorks Resource Unit; LITA WHITAKER, Senior Vocational
Rehabilitation Counselor; MATTHEW MEYER, County Executive - New Castle County
Government - Hope Center; BEST NIGHT INN; RED ROOF INN & SUITES;
RED ROOF INN; BUDGET INN; SUPERLODGE MOTEL; ALL REMAINING
HOTEL/MOTEL PROPERTIES AS FEDERAL & STATE CONTRACTORS
TO DHSS-DSSC EMERGENCY HOTEL VOUCHER PROGRAM
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:22-cv-00461)
District Judge:  Honorable Gregory B. Williams
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: July 25, 2023)

OPINION[*]

_____

**PER CURIAM**

David Webb, proceeding pro se, appeals an order of the United States District

Court for the District of Delaware dismissing his complaint. For the reasons that follow,

we will affirm the judgment of the District Court.

Webb filed a complaint pursuant to 42 U.S.C. § 1983 against the State of

Delaware, nine state and local officials, and five motels. He sought compensatory and

punitive damages for alleged violations of the United States Constitution, Title VI of the

Civil Rights Act, the Fair Housing Act, and state law. Dkt. No. 2-1. Webb alleged that,

inter alia, he was denied housing based on his race and familial status, his alternative

housing was unsanitary and unsafe, and individual defendants committed negligent

retention, negligent infliction of emotional distress, and intentional infliction of emotional

distress ("IIED"). Id. at 10, 13, 15, 23-27.

The District Court screened Webb's complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B) and dismissed it sua sponte with leave to amend five counts.[1] Dkt. No.

10 at 17. Webb filed this timely appeal.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Webb also filed a motion for emergency injunctive relief, which the District Court

2

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's sua sponte dismissal of Webb's complaint. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

On appeal, Webb argues that the District Court erred in concluding that the Eleventh Amendment barred his § 1983 claims against the State of Delaware and state officials in their official capacities.[3] C.A. Dkt. No. 7 at 1. The Eleventh Amendment protects a state, as well as state officials, from suit in federal court unless Congress has specifically abrogated the state's immunity or the state has waived it, which has not occurred here. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989). We agree that these claims against the state and its officials are barred.[4]

_____

denied. Dkt. Nos. 8 & 10. Webb does not challenge this denial on appeal.

[2] The District Court initially dismissed five of Webb's claims without prejudice and placed Webb on notice that the case would be dismissed with prejudice should he fail to file an amended complaint. Dkt. No. 11. Rather than amend his complaint, Webb filed a notice of appeal. The Clerk of this Court notified him of a possible jurisdictional defect, and Webb replied by asserting his intention to appeal. C.A. Dkt. Nos. 3 & 4. Accordingly, we have jurisdiction over the appeal. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam).

[3] Webb argues that the District Court erred in each of its immunity analyses because Congress abrogated Eleventh Amendment immunity under 42 U.S.C. § 2000d-7. C.A. Dkt. No. 7 at 1-2. This abrogation only applies to Webb's Title VI claim, see § 2000d-7(a), which the District Court did not dismiss on immunity grounds. The District Court correctly dismissed that claim without prejudice because Webb's conclusory allegations were insufficient. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

[4] Webb does not specifically argue that the District Court erred in dismissing his § 1983 claim against Matthew Meyer, a county official, in his official capacity. Regardless, we

3

Webb also argues that the District Court erred in concluding that his state law claims against state and local officials were barred by sovereign and qualified immunity. C.A. Dkt. No. 7 at 2. The District Court correctly explained that the State of Delaware "may not be sued without its consent[,]" and its General Assembly has not limited or waived sovereign immunity as to Webb's claims. Doe v. Cates, 499 A.2d 1175, 1176-77, 1181 (Del. 1985). As to Webb's basic negligence claims against the officials in their individual capacities, the District Court properly dismissed these claims on qualified immunity grounds. See id. at 1180 (applying immunity under the Delaware State Torts Act for officials in their individual capacities to discretionary acts done "without gross or wanton negligence").

Despite Webb's contentions, C.A. Dkt. No. 7 at 1-3, we discern no error in the District Court's dismissal of his claims related to his inability to relocate to a New Castle County shelter and the conditions of his housing at various motels. Webb's allegations that he was denied by the shelter because of his familial status—as a single man without children—do not support a claim of discrimination under the Fair Housing Act. See 42 U.S.C. § 3602(k) (defining "familial status" as one or more individuals under age 18

---

agree with the District Court that Webb failed to state a claim against Meyer because Webb did not identify a policy or custom of the county as required under Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-94 (1978). See Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (1992). Webb was granted leave to amend the claim against Meyer but did not.

4

living with a parent or other legal guardian).  Further, his general allegations that the conditions at the motels violated an unspecified federal law did not contain the required "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Webb was given leave to amend this claim, but he opted not to do so.

Finally, Webb argues that the District Court improperly dismissed his IIED claim against individual state and local officials.  C.A. Dkt. No. 7 at 2-3.  However, because Webb merely alleged that the defendants ignored his emails, these allegations also did not state a plausible claim for IIED.  See Hunt ex rel. DeSombre v. State, 69 A.3d 360, 367 (Del. 2013) (requiring proof that the defendant "engaged in extreme or outrageous conduct that caused severe emotional distress" to establish IIED).  Webb was also given leave to amend this claim, but he did not.[5]

Accordingly, we will affirm the judgment of the District Court.[6]

---

[5] After analyzing and dismissing all of his other claims, the District Court correctly dismissed Webb's claims against the State of Delaware based on vicarious liability.  See Verrastro v. Bayhospitalists, LLC, 208 A.3d 720, 724 (Del. 2019).  He was given leave to amend these claims but did not.

[6] We do not have the authority to submit Webb's challenges to the District Court's decision to the United States Supreme Court, as he requests.  C.A. Dkt. Nos. 4 at 1 & 7 at 6.  If Webb is dissatisfied with our judgment in this matter, he can file a timely petition for a writ of certiorari with the Supreme Court.  See S. Ct. R. 12 & 13.