NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-1456

———————

HELISHA MOORE,
Appellant

v.

COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP;
CHRISTINA N. STRIPP

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:23-cv-00833)
District Judge:  Honorable Michael A. Shipp

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 27, 2025

———————

Before:  BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Filed: September 25, 2025)

———————

OPINION[*]

———————

PHIPPS, *Circuit Judge*.

    A law firm filed suit against a consumer to collect a debt, but the suit was filed after

the statute of limitations had run.  The consumer, however, did not object to the

untimeliness of the suit, and it resulted in a judgment against her and the garnishment of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

her wages. Instead, she separately sued the law firm and one of its attorneys for unfair debt collection practices under the Fair Debt Collection Practices Act, commonly abbreviated as the 'FDCPA.' But the consumer filed the FDCPA suit over a year after the law firm initiated the debt collection suit, and the law firm and the attorney moved to dismiss the consumer's suit based on the FDCPA's one-year statute of limitations. In an attempt to justify her untimely suit for the collection of an untimely debt, the consumer relied on the continuing violation theory based on post-complaint court filings made by the law firm in its untimely, but successful, debt collection suit. The consumer also separately argued that each post-complaint debt collection action taken by the law firm constituted an independent FDCPA violation. The District Court rejected the consumer's arguments and dismissed her suit. She now appeals, and on *de novo* review, we will affirm the District Court's order.

## BACKGROUND

### A. Efforts to Collect a Car Loan Debt

In August 2014, a New Jersey woman, Helisha Moore, borrowed $16,317 from USAlliance Federal Credit Union to buy a 2012 Chevrolet Cruze. After unforeseen financial hardships, Moore ceased making her monthly payments in January 2016, and ultimately defaulted on the loan in May of that year.

With the loan in default, the credit union repossessed the car in July 2016 and sold it. The sale price, however, did not cover Moore's outstanding balance, and the credit union sent her a deficiency letter on October 18, 2016, seeking an additional $12,386. Moore did not pay any amount in response to the deficiency letter.

The credit union ultimately decided to sue Moore for the outstanding balance, which was accruing interest. Represented by Christina N. Stripp at the law firm Cohn Lifland Pearlman Herrmann & Knopf LLP, it commenced suit against Moore in the Superior Court

2

of New Jersey, Law Division, Mercer County, on August 23, 2021 – more than five years after Moore's May 2016 default on the loan. New Jersey, however, has a four-year statute of limitations for contracts for the sale of goods. *See* N.J. Stat. Ann. § 12A:2-725(1).

Moore, who denies receiving service of the complaint, did not answer or otherwise assert a statute-of-limitations defense. On January 10, 2022, the credit union moved for default judgment for approximately $28,489 – a figure based on principal, accrued interest, and attorneys' fees, less the amount recouped. The Superior Court granted the motion and entered default judgment in that amount against Moore on February 4, 2022.

Cohn Lifland, on behalf of the credit union, tried to collect on that judgment. It made court filings beginning in April 2022, which resulted in a writ of execution against Moore's wages to satisfy the judgment against her. Cohn Lifland then arranged to serve that writ on Moore's employer, and her wages were garnished for the three pay periods spanning from July 10, 2022, through August 20, 2022, for a total garnishment of approximately $422. But Moore successfully moved to vacate the default judgment and wage execution.

## B. Moore's Suit for Unfair Debt Collection Practices

The FDCPA provides a private cause of action for consumers, like Moore, against debt collectors, including attorneys engaged in debt collection, for unfair collection practices related to debt arising out of a transaction that is "primarily for personal, family, or household purposes." 15 U.S.C § 1692a(5); *see id.* § 1692k (allowing suits against "debt collector[s]"); *id.* § 1692a(6) (defining the term 'debt collector' for the purposes of the FDCPA); *see also Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Those unfair debt collection practices include attempting to collect debt by using "false, deceptive, or misleading representation[s]," 15 U.S.C. § 1692e, and by misrepresenting the "character,

amount, or legal status" of the debt, *id.* § 1692e(2)(A). The statute of limitations for claims under the FDCPA is one year. *See id.* § 1692k(d).

Construing the FDCPA as prohibiting lawsuits to collect time-barred debts, *see Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011), Moore sued Cohn Lifland and attorney Stripp in the Superior Court of New Jersey, Law Division, Mercer County, on January 10, 2023. Her putative class action also included a second count for unjust enrichment. Through a notice of removal asserting federal-question jurisdiction over the FDCPA claim, Cohn Lifland and Stripp removed the case to the District Court. *See* 28 U.S.C. §§ 1331, 1367, 1441. They then moved to dismiss Moore's complaint as untimely because she filed suit approximately sixteen months after the filing of the debt collection suit. The District Court granted that motion and dismissed the complaint without prejudice. *Moore v. Cohn Lifland Pearlman Herrmann & Knopf, LLP*, 2023 WL 4295746, at *3–4 (D.N.J. June 28, 2023).

Moore then amended her complaint to emphasize seven debt collection practices that occurred within the year preceding her FDCPA suit. Each of those seven actions, however, took place in the context of or as a result of the debt collection suit:

1. Moving for Default Judgment on January 10, 2022;

2. Serving an Information Subpoena on March 30, 2022;

3. Applying for a Writ of Execution Against Wages on April 28, 2022;

4. Uploading the Writ of Execution to the Superior Court's Docket on May 11, 2022;

5. Garnishing approximately $165 of wages due in the pay period ending July 23, 2022;

6. Garnishing approximately $138 of wages due in the pay period ending August 6, 2022; and

4

7. Garnishing approximately $119 of wages due in the pay period ending August 20, 2022.

Cohn Lifland and Stripp moved to dismiss the amended complaint. Moore defended her FDCPA claims by invoking the continuing violation theory: she argued that her suit was timely because Cohn Lifland's post-complaint conduct, which occurred within the statute of limitations, formed part of a single course of unlawful conduct. Moore separately contended that the post-complaint actions cited in her amended complaint represented independent, timely violations of the FDCPA. And with respect to her unjust enrichment claim, she argued in favor of supplemental jurisdiction even if her FDCPA claims were dismissed.

The District Court granted the motion to dismiss. *Moore v. Cohn Lifland Pearlman Herrmann & Knopf, LLP*, 2024 WL 493448, at *4 (D.N.J. Feb. 8, 2024). It dismissed the FDCPA claims without prejudice, *id.*, and declined to exercise supplemental jurisdiction over the unjust enrichment claim, *id.* at *4 n.8. Through a timely notice of appeal, coupled with a representation that she would stand on the allegations in her amended complaint, Moore invoked this Court's appellate jurisdiction over final decisions. *See* 28 U.S.C. § 1291; *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992) (allowing appellate jurisdiction over a dismissal without prejudice where appellant has elected to stand on her complaint before the appellate court). While on appeal, the parties filed a stipulation which dismissed the claims against Stripp, and in her briefing, Moore does not argue that her unjust enrichment claim should independently survive if her FDCPA claim against Cohn Lifland fails. Rather, she advocates for the timeliness of that FDCPA claim based on the continuing violation theory or alternatively, a view that the law firm's post-complaint actions in the debt collection suit constitute independent violations of the

5

FDCPA. *See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020) (applying forfeiture to arguments not raised in an opening brief).

## DISCUSSION

### A. The Continuing Violation Theory Is Inapplicable.

To avoid the application of the FDCPA's one-year statute of limitations, Moore invokes the continuing violation theory by arguing that the entire debt collection suit constitutes a single, continuing violation of the FDCPA. Under that theory, crystallized in the context of hostile work environment claims under Title VII of the Civil Rights Act of 1964, where the whole course of conduct creates liability, any wrongful act within the course of conduct can restart the statute-of-limitations clock for the whole. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117–18 (2002). Although the continuing violation theory has been extended to other contexts, *see, e.g.*, *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001), its broader application is rare and not automatic. Indeed, the continuing violation theory does not apply to discrete claims of employment discrimination but has been instead limited to the narrow range of unlawful practices that "cannot be said to occur on any particular day." *Morgan*, 536 U.S. at 114–15. And no federal appellate court has extended the continuing violation theory to FDCPA claims. *See, e.g.*, *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1044 (9th Cir. 2023); *Bouye v. Bruce*, 61 F.4th 485, 493 (6th Cir. 2023). Doing so would broaden the theory in a manner inconsistent with its original justification by allowing it to apply to discrete debt collection efforts, which unlike claims for hostile work environment, are separately actionable without relation to any other violations of the FDCPA. Thus, the District Court did not err in rejecting the application of the continuing violation theory to Moore's FDCPA claim.

**B. Cohn Lifland's Post-Complaint Debt Collection Efforts Are Not Independently Actionable under the FDCPA.**

Moore also attempts to revive her FDCPA claim based on the post-complaint filings in the debt collection lawsuit and the subsequent wage-garnishment efforts. Those actions did take place within the FDCPA's one-year statute of limitations, but the Supreme Court has cautioned against interpreting the FDCPA as "empower[ing] a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt." *Heintz*, 514 U.S. at 296. Yet, by basing her claim on Cohn Lifland's filing for default, serving documents, and subsequent wage-garnishment efforts, Moore contravenes that admonition. Thus, the District Court did not err in dismissing Moore's FDCPA claim.

## CONCLUSION

For these reasons, we will affirm the District Court's order.

7